C. C. WOODS CONSTRUCTION COMPANY, INC., PLAINTIFF v. BUDD-PIPER ROOFING COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF v. W. EDWARD JENKINS, ARCHITECT, THIRD-PARTY DEFENDANT

No. 7914SC963

(Filed 6 May 1980)

Appeal and Error § 39.1— record on appeal not filed in apt time—dismissal of appeal

     Appeal is dismissed where the record on appeal was not filed in the appellate court within 150 days from the giving of notice of appeal. Appellant's motion for a new trial or a modification of the judgment pursuant to Rule 59, the court's order fixing the time for service of the record on appeal, and the court's orders denying appellant's Rule 59 motion did not extend the time within which the appellant was required to file the record on appeal after giving notice of appeal from the judgment.

APPEAL by third-party plaintiff from *Farmer, Judge.* Judgment entered 23 April 1979 in Superior Court, DURHAM County. Heard in the Court of Appeals on 15 April 1980.

This is a civil proceeding wherein C. C. Woods Construction Company, Inc., plaintiff, seeks to recover $11,345.40 from Budd-Piper Roofing Company on a contract under which Budd-Piper was to perform roofing work on a building to be constructed by plaintiff. Defendant Budd-Piper filed a third-party complaint against W. Edward Jenkins, the registered architect for the building, and alleged that it had been damaged by Jenkins' negligence in approving a building materials list which inaccurately specified the roofing bonding material to be used. The third-party defendant filed an Answer denying negligence on his part and alleging that Budd-Piper had substituted unacceptable roofing

bonding materials without requesting permission from anyone in violation of its contract with plaintiff.

Thereafter, the trial judge, after hearing all the evidence, allowed Jenkins' motion to dismiss pursuant to Rule 41(b), G.S. § 1A-1, and on 23 April 1979 entered a judgment wherein he made findings and conclusions, and ordered that Budd-Piper's third-party action against Jenkins be dismissed. Budd-Piper appealed from the judgment of involuntary dismissal of its third-party claim.

*Eugene C. Brooks III, and Lipton & Mills, by Stuart S. Lipton, for the third-party plaintiff appellant.*

*Young, Moore, Henderson & Alvis, by Charles H. Young, Jr., for the third-party defendant appellee.*

HEDRICK, Judge.

The judgment from which the third-party plaintiff appealed was entered on 23 April 1979. On 1 May 1979 the third-party plaintiff filed notice of appeal from the 23 April judgment. On 2 May the third-party plaintiff filed a "motion for new trial" or, "in the alternative, modification of judgment" pursuant to Rule 59, G.S. § 1A-1. Likewise, on 2 May, the third-party plaintiff again gave notice of appeal from the 23 April judgment, and the court entered an order fixing the time for the service of the proposed record on appeal, and for the third-party defendant to serve objections or proposed alternative record. On 15 May the trial judge entered an Order denying the "motion for a new trial" or, "in the alternative, modification of judgment," and stated that the appeal entries previously filed "are to remain in full force and effect and said Order denying [the] motion for a new trial (or, in the alternative, modification of judgment) is hereby appealed from as if said Appeal Entries had been filed subsequent to said Order. . . ." Thereafter, and inexplicably, the trial judge on 30 May filed a second Order wherein he again denied the third-party plaintiff's motion for a new trial or modification of judgment, and on 6 June filed another Order stating that the appeal entries "hereinbefore filed are to remain in full force and effect", and again fixing the time periods for service of the proposed record on appeal.

Whether the notice of appeal from the judgment entered 23 April was given on 1 May or 2 May, as the record plainly demonstrates, or on 15 May, as the appellant contended at oral argument, the record on appeal was not filed in this Court within 150 days from the date of the giving of notice of appeal, as required by Rule 12(a), N. C. Rules App. Proc. Since no extension of time within which to file the record on appeal was sought or granted by this Court, the appeal will be dismissed. Rule 27(c), N. C. Rules of App. Proc. The chronology of events set out above with respect to the giving of the notice of appeal, the making of the motion for a new trial or a modification of judgment pursuant to Rule 59, the orders fixing the time for the service of the record on appeal, and the orders denying the third-party plaintiff's Rule 59 motion, did not and could not extend the time within which the appellant is required to file the record on appeal in this Court after giving notice of appeal from the judgment. *See* the Drafting Committee Note to App. Rule 27(c).

Appeal dismissed.

Judges ARNOLD and ERWIN concur.