State v. Locklear

Judges CLARK and WHICHARD concur.

STATE OF NORTH CAROLINA v. EARL LOCKLEAR

No. 8019SC634

(Filed 16 December 1980)

Rape § 19— taking indecent liberties with child — bias of mother — evidence properly excluded

In a prosecution of defendant for taking indecent liberties with a child, the trial court did not err in excluding testimony by defendant, his wife, and an employee of the county department of social services which was offered to show bias, interest, corruption, undue prejudice and influence on the part of the mother of the prosecuting witness, since the competency of the ten year old victim was determined by the trial judge after a voir dire hearing; her credibility was tested by careful cross-examination by defendant; defendant was unable to show on cross-examination that the prosecuting witness was biased or prejudiced against him or that her testimony was in any way influenced by her mother; and defendant offered his and his wife's testimony that the mother was biased before the mother testified so that such testimony at that time was irrelevant and was properly excluded by the court.

APPEAL by defendant from *Albright, Judge.* Judgment entered 18 January 1980 in Superior Court, ROWAN County. Heard in the Court of Appeals 11 November 1980.

Defendant was charged under proper indictment with taking indecent liberties with a child, a violation of G.S. § 14-202.1. The jury found defendant guilty as charged, and from a judgment imposing a prison sentence of "not less than seven (7) years nor more than ten (10) years," defendant appealed.

*Attorney General Edmisten, By Assistant Attorney General George W. Lennon, for the State.*

*Gray and Whitley, by J. Stephen Gray, for the defendant appellant.*

HEDRICK, Judge.

Notice of appeal was given in this case on 22 January 1980. The parties stipulated as to the record on appeal on 19 June 1980. The clerk of Superior Court certified the record on 26 June 1980, and the record was filed in the Court of Appeals on 30 June 1980, more than 150 days from the date of giving notice of appeal, and thus in violation of Rule 12(a) of the Rules of Appellate Procedure. The time within which to file the record on appeal with this Court was not extended by this

Court, and this case is therefore subject to dismissal. Rule 27(c), N. C. Rules of Appellate Procedure; *C. C. Woods Construction Co., Inc. v. Budd-Piper Roofing Company,* 46 N.C. App. 634, 265 S.E.2d 506 (1980).

We have elected, however, to treat defendant's appeal as a petition for a writ of certiorari, and we allow same in order to discuss defendant's third assignment of error, which is set out in the record as follows:

> That the court committed prejudicial error and sustained various objections by the State, as to questions which would show bias, interest, corruption, undue prejudice and influence, on the part of the mother of the prosecuting witness, when said evidence was competent not to prove the truth of the matter asserted in the questions, but was competent to be received for the above-mentioned purposes . . . .

At trial, the prosecuting witness, a ten year old twin, testified that defendant sexually abused her on 17 December 1977. She testified that she was spending the night of 17 December 1977 with defendant and his wife (the prosecuting witness's older sister), when the following occurred:

> [Defendant] came in late after she had been asleep for a little while and woke her up by shaking her. That when she woke, up, she smelled beer on [defendant], and he took her into the kitchen. That while in the kitchen, [defendant] messed with her privacy, . . .

The prosecuting witness also testified to being forced to perform fellatio with defendant. Officer G. L. Brady testified in corroboration as to what the prosecuting witness had told him about what occurred on 17 December 1977.

Defendant testified and denied having molested the prosecuting witness at any time. His wife, called as a witness by defendant, was not permitted to testify that when she and defendant met, her mother, also the mother of the prosecuting witness, was dating defendant, nor was defendant allowed to testify that the mother "was going to pay me back one way or ther other because her baby daughter is my daughter too." Defendant also called as a witness Don Dunson of the Rowan County Department of Social Services who was not allowed over the

State's objection to testify before the jury that an investigation had been made by the Department into alleged child abuse on the part of the mother of the prosecuting witness, and that the Department took legal custody of the prosecuting witness and her twin sister for several weeks following 21 July 1977.

After defendant, defendant's wife, and Dunson testified, defendant called the mother of the prosecuting witness, and was allowed to examine her as a "hostile witness." The mother denied having "any sort of dating relationship" with defendant, and also denied "ever going out with him socially." She did testify that on 19 December 1977, as she was getting the prosecuting witness and her twin sister ready for bed, she noticed that the prosecuting witness was "bleeding 'down below'," and when asked what happened, the prosecuting witness "said nothing." The next morning as the twins were waiting for their school bus, according to the mother's testimony, "one of them told the other one that they had better tell." Thereafter, the mother stated she called the sheriff's department, and a neighbor took her and the prosecuting witness to the hospital. The mother was not allowed to respond over the State's objection to several questions as to whether she recalled July, 1977 and if the twins always had been in her custody (apparently in reference to the child abuse investigation by the Department of Social Services).

Exceptions to the refusal of the court to allow certain testimony by defendant, defendant's wife, Dunson, and the mother of the prosecuting witness are the basis of defendant's third assignment of error.

Defendant argues that the excluded testimony upon which this assignment of error is based would have shown that there was a "considerable amount of animosity" between defendant and the mother of the prosecuting witness, and that the mother of the prosecuting witness had a "motive to harm" defendant. The excluded testimony would further have shown, defendant contends, that the mother of the prosecuting witness had beaten her children in the past, leading to an investigation of child abuse by the Rowan County Department of Social Services. Therefore, defendant argues, based upon the mother's "inclination to harm defendant in any way she could" and the child's fear of more beatings from her mother, the mother unduly influenced the prosecuting witness to testify against defendant. In effect, defendant is contending that the alleged bias of the mother toward defendant should be imputed to the prosecuting

witness, thus calling into question the credibility of the prosecuting witness.

Defendant has cited no authority in support of this contention. Defendant does cite the cases of *State v. Creech,* 229 N.C. 662, 51 S.E.2d 348 (1949) and *State v. Smith,* 225 N.C. 78, 33 S.E.2d 472 (1945), which stand simply for the proposition that evidence of ill will of a defendant toward the victim is competent. *State v. Wilson,* 269 N.C. 297, 152 S.E.2d 223 (1967) stands for the proposition that a defendant is entitled to show the bias of a prosecuting witness toward defendant in order to attack the credibility of the prosecuting witness. In the present case, the competency of a ten year old twin was determined by careful cross-examination by defendant. Indeed, defendant was unable to show on cross-examination that the prosecuting witness was biased or prejudiced against him or that her testimony was in any way influenced by her mother. We hold the trial judge did not err in excluding the testimony challenged by these exceptions.

Although the defendant does not specifically argue the question, we consider it important to discuss whether the court committed prejudicial error in not allowing defendant and defendant's wife to testify as to facts tending to show the possible bias of the mother toward defendant. 1 Stansbury's N.C. Evidence § 48 (Brandis rev. 1973) discusses the introduction of evidence tending to show bias or interest of a witness as follows:

> Where the matter inquired about is "collateral," but tends "to connect him directly with the cause or the parties" or "to show motive, temper, disposition, conduct, or interest of the witness toward the cause of the parties," the inquirer is not bound by the answers of the witness and may prove the matter by other witnesses, but only after first calling it to the attention of the witness so that he may have an opportunity to admit, deny, or explain it. [Footnotes omitted]

*Id.* at 136-137. Obviously, since a witness who has yet to testify has not had any "opportunity to admit, deny, or explain it," the trial judge commits no error when he excludes evidence tending to show bias toward the cause or the parties on the part of a witness who has yet to testify. *State v. Pearson,* 24 N.C. App. 410, 210 S.E.2d 887, *affirmed,* 288 N.C. 34, 215 S.E.2d 598 (1975).

In the present case, when defendant offered his testimony and his wife's testimony that the mother was biased or prejudiced against defendant, the mother had not testified. Such testimony at that time was obviously irrelevant, and the witness had not had any opportunity to "admit, deny, or explain it." When the mother did testify, she denied "any sort of dating relationship" with defendant. Thereafter, defendant offered no evidence to attack her credibility as he might have done. Finally, we note that defendant attempted to bring out evidence as to the child abuse investigation during the mother's testimony, but this evidence clearly does not go to show any possible bias of the mother toward defendant, and is otherwise irrelevant to whether defendant committed the crime with which he was charged. Defendant's third assignment of error has no merit.

We have examined defendant's two additional assignments of error and find them to be without merit.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges CLARK and WHICHARD concur.