STATE OF NORTH CAROLINA v. HARVEY WARD

No. 8216SC1030

(Filed 19 April 1983)

**Criminal Law § 155.1— failure to docket record in apt time**

    Appeal is dismissed for failure of appellant to file the record on appeal in the appellate court within 150 days after giving notice of appeal, the time for filing the record on appeal not having been extended by the trial court's order extending the time for serving the proposed record on appeal.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 21 April 1982 in SCOTLAND County Superior Court. Heard in the Court of Appeals 16 March 1983.

Defendant was tried for offering a bribe to a public official. From judgment entered on a jury verdict of guilty, defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Jo Anne Sanford, for the State.*

*Gordon and Horne, P.A., by John H. Horne, Jr., for defendant.*

WELLS, Judge.

Rule 12(a) of the Rules of Appellate Procedure provides that "no later than 150 days after giving notice of appeal, the appellant shall file the record on appeal with the clerk of the court to which appeal is taken." This requirement of Rule 12(a) is jurisdictional and it imposes a limit on the aggrieved party's right to appeal. *See Piguerra v. Piguerra,* 54 N.C. App. 188, 282 S.E. 2d 567 (1981); *In re Farmer,* 52 N.C. App. 97, 277 S.E. 2d 880, *cert. denied,* 304 N.C. 195, 285 S.E. 2d 98 (1981). Only the appropriate *appellate* court can extend this 150 day time limit. App. R. 27(c).

Judgment in defendant Ward's case was entered on 21 April 1982 and he gave notice of appeal in open court either on that date or on the day appeal entries were made, 29 April 1982. Assuming that the latter date applies, defendant was required to file the record on appeal on or before Monday, 27 September 1982, the 151st day after notice. (*See* App. R. 27(a) on computing

time when the last day falls on a Sunday.) The record in this case was filed on 4 October 1982, at least seven days late.

We note that on 28 July 1982, defendant, through counsel moved the trial court for a 30 day extension of time for preparing and serving on the State the proposed record on appeal and Superior Court Judge John C. Martin, properly within his discretion, gave defendant "an additional period of 30 days within which to prepare and *serve* the proposed record on appeal." (Emphasis supplied.) Our search of the record in this case (and, as an added precaution, of the files in this Court's Clerk's office) reveals that defendant has made no motion that the 150 day period for filing the record be extended.

Defendant having filed the record in this case well beyond the 150 day limit set by App. R. 12(a), this appeal is

Dismissed.

Judges HILL and JOHNSON concur.