PEGGY SOLES SHAW, ADMINISTRATRIX OF THE ESTATE OF JOSEPH E. SOLES, SR. v. EDDIE MALCOLM WILLIAMSON

No. 844SC203

(Filed 2 July 1985)

1. Appeal and Error § 6.2— compelling answers to interrogatories—self-incrimination—right of appeal

Defendant had the right to appeal an interlocutory order compelling him to answer interrogatories which might violate his right against self-incrimination.

Shaw v. Williamson

**2. Constitutional Law § 74; Rules of Civil Procedure § 33— compelling answers to interrogatories—no violation of right against self-incrimination**

    Defendant could not refuse to answer interrogatories in a wrongful death action arising out of an automobile accident on the ground of self-incrimination where (1) defendant's answers could not incriminate him since he had pled guilty to death by vehicle and driving while intoxicated based on the same incident and had complied with the judgments entered in those cases, and (2) no allegation of plaintiff's complaint would support either of the required findings under G.S. 1-311 for execution against defendant's person. Furthermore, interrogatories as to whether defendant had a cold on the night in question, where he was going, who employed him and other similar matters had no incriminating propensity.

APPEAL by defendant from *Bruce, Judge.* Order entered 28 November 1983 in Superior Court, ONSLOW County. Heard in the Court of Appeals 14 November 1984.

In this wrongful death action, based on a collision between automobiles operated by defendant and plaintiff's intestate, plaintiff seeks both compensatory and punitive damages based on allegations that defendant operated his vehicle in wanton disregard of the rights, life, and safety of plaintiff's intestate by driving while intoxicated and without adequate sleep. After defendant answered and counterclaimed, plaintiff served various interrogatories on defendant concerning his activities, condition and status during the period immediately before the collision. Defendant declined to answer some of the interrogatories on the grounds of self-incrimination and contended that his answers would subject him to "fines, penalties, imprisonment, forfeitures or punitive damages." Upon plaintiff moving to compel defendant to answer the interrogatories, the court sustained certain of defendant's objections but overruled others and ordered defendant to answer the latter interrogatories. Defendant's appeal is from that order.

The disputed interrogatories were as follows:

[4] (d) Did the operator have a cold, muscular soreness, headache, or other minor discomfort?

    . . . .

(e) If so, describe.

    . . . .

10. (a) At the time of the collision, where was the driver of the vehicle in question (4) coming from and going to?

. . . .

(b) When had operator started on this trip?

. . . .

(c) What was the purpose of the trip?

. . . .

(d) By whom was the driver employed?

. . . .

(e) Was the driver acting as the agent of the employer described in answer (c) above in the course and scope of his employment at the time the collision occurred?

. . . .

(g) Who had been passengers in the vehicle at any time from the beginning of the trip?

. . . .

(h) State the locations and addresses of any stops made by the operator of the defendant's vehicle within two hours prior to the alleged collision and the purposes of said stops.

*Ellis, Hooper, Warlick, Waters & Morgan, by John Drew Warlick, for plaintiff appellee.*

*Moore, Ragsdale, Liggett, Ray & Foley, by George R. Ragsdale and Nancy Dail Fountain, for defendant appellant.*

PHILLIPS, Judge.

[1] Though this appeal is from an interlocutory order, it is nevertheless authorized under the provisions of G.S. 1-277 and G.S. 7A-27(d). Because the right against self-incrimination is a very substantial right, indeed, protected by both the United States and North Carolina Constitutions, and if some of the interrogatories are incriminating, as defendant contends, and he is nevertheless compelled to answer them now his constitutional right could be lost beyond recall and his appeal at the end of the

**Shaw v. Williamson**

trial would be of no value. *Stone v. Martin,* 56 N.C. App. 473, 289 S.E. 2d 898, *cert. denied,* 306 N.C. 392, 294 S.E. 2d 220 (1982).

[2] Defendant cannot incriminate himself criminally by answering the interrogatories, however, because the record shows that, based on the same incident referred to in the complaint, he was charged with death by vehicle and driving while intoxicated, pled guilty, and has complied with the judgments entered on the convictions. But the constitutional protection against self-incrimination also extends to civil actions that subject one to arrest, imprisonment, or execution against the person. The case so holding that defendant most strongly relies on is *Allred v. Graves,* 261 N.C. 31, 134 S.E. 2d 186 (1964). In that case plaintiff sought punitive damages of the defendant for a malicious assault and the Court held that defendant did not have to answer certain interrogatories deemed to be incriminating. The basis for the Court's holding, though, was that if a judgment for punitive damages was entered against defendant and was not satisfied by regular execution he would be subject to execution against the person pursuant to the provisions of G.S. 1-311. But the defendant in this case faces no such peril and in our opinion the order requiring defendant to answer the interrogatories was properly entered. In 1977, after *Allred* was decided, G.S. 1-311 was amended to limit execution against the persons of judgment debtors to instances where either the jury's verdict or the judge's findings of fact include a finding "that the defendant either (1) is about to flee the jurisdiction to avoid paying his creditors, (2) has concealed or diverted assets in fraud of his creditors, or (3) will do so unless immediately detained." But since there is no allegation in plaintiff's complaint that would support either of the required statutory findings for execution against the person, we see no basis for defendant's self-incrimination plea and he must answer the interrogatories, as the trial court ordered. Furthermore, the objected to interrogatories, in our opinion, have no incriminating propensity in any event. So far as we can tell from the record and the law relating to it, stating whether he had a cold on the night involved, where he was going, who employed him, and other such things called for by the interrogatories could not conceivably incriminate defendant. The Constitution protects against real dangers, not mere speculative possibilities. *Zicarelli v. Investigation Commission,* 406 U.S. 472, 32 L.Ed. 2d 234, 92 S.Ct. 1670 (1972).

Affirmed.

Judges WHICHARD and JOHNSON concur.