HAZEL MARIE CRIST v. ROBERT C. MOFFATT, M.D.

No. 8828SC466

(Filed 30 December 1988)

**Appeal and Error § 6.2— malpractice action—contact with plaintiff's non-party treating physicians forbidden—order not appealable**

   The defendant in a medical malpractice case was not entitled to appeal from the trial court's interlocutory order prohibiting defendant's attorney from contacting plaintiff's non-party treating physicians and requiring the attorney to disclose the substance of all private conversations which had already transpired between defendant's attorneys and the non-party treating physicians. N.C.G.S. § 1-277(a).

   APPEAL by defendant from *Hyatt, J. Marlene, Judge.* Order entered 10 February 1988 in BUNCOMBE County Superior Court. Heard in the Court of Appeals 2 November 1988.

   On 4 December 1986 plaintiff filed this action, alleging in her complaint that she had been injured by defendant's negligence in treating her. Defendant answered in apt time, and on 5 February 1987 served plaintiff with interrogatories and requests for medical bills incurred in the care and treatment of plaintiff which plaintiff contended were incurred as a result of the alleged negligence of defendant. On 2 April 1987, plaintiff responded by producing medical bills and records of treating physicians. Included in those documents were medical records of Dr. James Tyson and Dr. Alan Thompson. On 6 July 1987, defendant took plaintiff's deposition during which plaintiff was asked about her treatment by, and conversations with, each of her treating physicians. In November 1987, defendant's counsel met privately with Dr. Tyson and Dr. Thompson to discuss plaintiff's case. After learning of these meetings, plaintiff filed a motion in the cause requesting the court (1) to compel full disclosure of conversations between defendant's counsel and plaintiff's non-party treating physicians; (2) to prohibit the use at trial of any information and/or opinions obtained in such conversations; and (3) to prohibit any further contact by defendant's counsel with plaintiff's non-party treating physicians.

   In response to plaintiff's motion, the trial court entered an order summarizing the facts and events we have described, and

included the following pertinent findings, conclusion, and ordering paragraphs:

11. The Plaintiff has not expressly waived and did not expressly waive prior to November 19, 1987, and November 23, 1987, the Physician/Patient Privilege conferred by N.C.G.S. 8-53.

12. No resident or presiding judge, either at trial, this matter not having been called for trial, nor prior to trial during the course of discovery, has entered an order compelling disclosure pursuant to N.C.G.S. 8-53.

13. No resident or presiding judge has entered an order finding that plaintiff has waived any physician/patient privilege by providing, in response to formal requests for discovery, copies of her medical records, by testifying concerning her medical treatment at her deposition, by identifying Dr. F. Alan Thompson and Dr. James Tyson as witnesses who would testify concerning their medical treatment of plaintiff, and by not objecting to the deposition of any non-party treating physician.

Based upon the foregoing findings of fact the court concludes as a matter of law that the conduct of Isaac N. Northrup, Jr. in privately contacting and discussing plaintiff's medical care and treatment with Dr. James Tyson and Dr. F. Alan Thompson, non-party treating physicians, without the plaintiff's knowledge and consent, although in good faith, was not proper.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The defendant's attorneys shall fully disclose within fifteen (15) days of the date of this order, in written form, the substance of all private conversations between the defendant's attorneys and non-party treating physicians;

2. Defendant's attorneys shall not contact non-party treating physicians without the knowledge and consent of plaintiff's attorney or, alternatively, without an order of the court;

3. The presiding trial judge shall rule upon the use at trial of any information and/or opinions obtained as a result of private conversations between the defendant's attorneys and non-party treating physicians;

. . .

Defendant appeals from the entry of this order.

*Elmore & Powell, P.A., by Shirley H. Brown, for plaintiff-appellee.*

*Roberts Stevens & Cogburn, P.A., by Isaac N. Northrup, Jr., for defendant-appellant.*

WELLS, Judge.

Defendant seeks to have this admittedly interlocutory order reversed in this appeal. We decline to do so and dismiss the appeal.

N.C. Gen. Stat. § 1-277(a) provides:

An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, . . . which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

*See also* N.C. Gen. Stat. § 7A-27(d).

The right defendant asserts Judge Hyatt's order denied him is to privately interview plaintiff's treating physicians, defendant contending that these physicians are "fact" witnesses with knowledge of the events and circumstances underlying plaintiff's claims for relief. By this disingenuous argument, defendant asserts that he could unilaterally assume that plaintiff had waived the physician/patient privilege afforded her under N.C. Gen. Stat. § 8-53, by disclosing the fact that she was treated, by furnishing, pursuant to a discovery request, her medical records resulting from treatment by her physicians, and by participating in the taking of her deposition. We reject this argument.

We do not perceive that Judge Hyatt's order deprived defendant of any right, substantial or otherwise.

Appeal dismissed.

Judges ARNOLD and COZORT concur.