ROBERTS v. ROBERTS

[97 N.C. App. 319 (1990)]

---

MARY A. ROBERTS v. THOMAS F. ROBERTS

No. 8929DC49

(Filed 6 February 1990)

**Appeal and Error § 39.1 (NCI3d) — alimony — record filed more than 150 days from notice of appeal — appeal dismissed**

An appeal from an order modifying alimony was dismissed where defendant's motion to modify alimony was heard on 6 August 1986; the trial court rendered judgment reducing

alimony by making several findings in open court and then directing the attorneys to prepare an order; plaintiff immediately gave oral notice of appeal and the court allowed plaintiff 75 days to serve the proposed record on appeal; the trial court did not file the order until 10 December 1987, sixteen months later; and it was not clear from the record who was responsible for the delay. Regardless of the time limits set by the trial court, plaintiff had no longer than 150 days after giving notice of appeal to file the appeal record, unless an extension of time was granted by the appropriate appellate court. N. C. Rules of Appellate Procedure, Rule 12(a) and Rule 27(c).

**Am Jur 2d, Appeal and Error §§ 292, 293, 316.**

APPEAL by plaintiff from *Greenlee (Loto J.)*, *Judge*. Orders entered 6 August 1986, signed and filed 10 December 1987, and 4 October 1988, signed and filed 1 December 1988. Heard in the Court of Appeals 30 August 1989.

This suit arises out of defendant's motion filed on 25 November 1985 to terminate or modify alimony payments set out in the separation agreement between the parties. Defendant's motion was heard on 6 August 1986. Evidence before the court included the testimony of plaintiff and defendant concerning their respective incomes and expenditures. At the close of the evidence, the court made oral findings that the separation agreement was incorporated into the divorce decree and was subject to modification by the court; that the income of both plaintiff and defendant had increased since the separation agreement and divorce; and that the alimony provisions would be reduced to $300.00 per month.

Plaintiff gave oral notice of appeal in open court and the court allowed plaintiff 75 days to serve the proposed record on appeal. The court also directed both parties to "collaborate on your order." There is no evidence before us as to whether the clerk made any notations of appeal entries in his minutes.

On 2 December 1987, almost 16 months after the oral notice of appeal, defendant filed a motion for entry of order, pursuant to the trial court's ruling on 6 August 1986, and requested that the order apply *nunc pro tunc* as of 6 August 1986. The order was subsequently signed and filed 10 December 1987.

ROBERTS v. ROBERTS

[97 N.C. App. 319 (1990)]

From this order and the order denying its motion for a new trial on 4 October 1988, plaintiff appeals.

*Hudson and Peterson, by V. Scott Peterson, for plaintiff-appellant.*

*George T. Perkins, III, for defendant-appellee.*

ORR, Judge.

Although plaintiff argues three issues on appeal regarding the trial court's reduction in alimony payments, the dispositive question is whether plaintiff timely filed its record of appeal after giving notice of appeal in open court on 6 August 1986. Under Rule 12 of the N. C. Rules of Appellate Procedure,

> (a) . . . . Within 15 days after the record on appeal has been settled by any of the procedures provided in this Rule 11 or Rule 18, *but no later than 150 days after giving notice of appeal, the appellant shall file the record on appeal with the clerk of the court to which appeal is taken.*

(Emphasis added.)

In the case before us, the trial court rendered judgment in open court on 6 August 1986 by making several findings and then stating, "That will be the extent of the judgment at this time. Gentlemen, you can collaborate on your order." Plaintiff immediately gave oral notice of appeal, the court allowed plaintiff 75 days to serve the proposed record on appeal, and set the appeal bond at two hundred dollars ($200.00).

The trial court did not file the order until 10 December 1987, 16 months after its judgment. It is not clear from the record who was responsible for this unconscionable delay. What is clear is that both parties were present with their attorneys at the 6 August 1986 proceeding, the trial court announced its findings in open court and directed the attorneys to prepare an order, and the attorneys believed judgment had been rendered. Most importantly, plaintiff's attorney gave oral notice of appeal, and knew he had a limited time to serve the proposed record on appeal.

Regardless of the time limits set by the trial court, plaintiff had no longer than 150 days after giving notice of appeal to file the appeal record with this Court. App.R. 12(a). The 150-day time limit may be extended only by an appropriate *appellate* court. App.R. 27(c); *State v. Ward,* 61 N.C. App. 747, 301 S.E.2d 507,

*disc. rev. denied*, 309 N.C. 825, 310 S.E.2d 357 (1983). Because no extension of time within which to file the record on appeal was granted by this Court within 150 days of plaintiff's oral notice of appeal on 6 August 1986, the appeal will be dismissed. *See Construction Co. v. Roofing Co.*, 46 N.C. App. 634, 265 S.E.2d 506 (1980).

For the reasons set forth above, we dismiss the appeal.

Appeal dismissed.

Chief Judge HEDRICK and Judge LEWIS concur.