REBECCA S. HALE, ADMINISTRATRIX OF THE ESTATE OF GARLAND HOUSTON HALE, PLAINTIFF v. WILLIAM C. LEISURE AND NORTH AMERICAN VAN LINES, INC., DEFENDANTS

CONSOLIDATED AT THE TRIAL LEVEL WITH: PAULINE INMAN, ADMINISTRATRIX OF THE ESTATE OF KEITH D. INMAN, PLAINTIFF v. WILLIAM C. LEISURE AND NORTH AMERICAN VAN LINES, INC., DEFENDANTS AND THIRD-PARTY PLAINTIFFS AND

REBECCA S. HALE, ADMINISTRATRIX OF THE ESTATE OF GARLAND HOUSTON HALE, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. UNION OIL COMPANY OF CALIFORNIA AND GENERAL MOTORS CORPORATION, THIRD-PARTY DEFENDANTS

No. 8913SC1283

(Filed 21 August 1990)

1. **Appeal and Error § 391 (NCI4th)— record on appeal—denial of extension of time to file**

Plaintiff's motion for an extension of time to file the record on appeal was denied by the appellate court where the appealed order was entered on 15 May 1989; the 150 day time limit for filing the record on appeal expired on 12 October 1989; the record was settled on 15 November 1989 and filed on 28 November 1989; plaintiff did not file a motion for an extension of time with the appellate court until 14 February 1990; and no extension of time had been granted by the appellate court under Appellate Rule 12.

**Am Jur 2d, Appeal and Error §§ 292, 293.**

**2. Appeal and Error § 291 (NCI4th)— belated appeal—moot and interlocutory issues—certiorari denied**

Plaintiff's petition for a writ of certiorari to permit review of the issues presented in an appeal from an order for which the record on appeal was not filed within the time limits of Appellate Rule 12(a) was denied where one issue is now moot and the remaining issues pertaining to discovery and evidentiary matters are interlocutory.

**Am Jur 2d, Appeal and Error §§ 47, 50, 761.**

APPEAL by plaintiff from order entered 20 February 1989 by *Judge E. Lynn Johnson* and orders entered 22 March 1989 and 15 May 1989 by *Judge D. B. Herring, Jr.* in BRUNSWICK County Superior Court. Heard in the Court of Appeals 30 May 1990.

This case on appeal involves only plaintiff Hale (hereinafter plaintiff) and defendant North American Van Lines (hereinafter defendant).

Plaintiff appeals from the above order of 22 March 1989, concluding, *inter alia*, that defendants had not willfully violated the North Carolina Rules of Civil Procedure, had not violated other orders in the case and should not be held in contempt of court. Plaintiff also appeals from the order of 15 May 1989, concluding that the court did not have jurisdiction to proceed with plaintiff's motion for sanctions and motion to compel and stayed discovery pending defendant's appeal in the *Inman* case. (The *Inman* case was consolidated with the case before us at the trial court.) Finally, plaintiff appeals from the order of 2 February 1989 to the extent that this order did not strike defendant's answer.

Plaintiff further seeks to have this Court make appropriate rulings regarding the trial court's jurisdiction following notice of appeal by defendants in the *Inman* case which included issues related to discovery orders entered after the above notice of appeal.

On 14 February 1990, plaintiff filed a motion to extend time to file the record on appeal with this Court and in the alternative, a motion for certiorari to permit review of the issues on appeal. In response, defendant filed a motion to dismiss plaintiff's appeal and response to plaintiff's motions. These motions are also before this panel for consideration.

HALE v. LEISURE

[100 N.C. App. 163 (1990)]

*Blanchard, Twiggs, Abrams & Strickland, P.A., by Douglas B. Abrams; and Dixon, Duffus & Doub, by J. David Duffus, Jr., for plaintiff-appellant Hale.*

*Anderson, Cox, Collier & Ennis, by Donald W. Ennis, for defendant-appellee North American Van Lines.*

ORR, Judge.

The dispositive issue on appeal is whether plaintiff's motion for extension of time, or in the alternative, motion for certiorari should be granted by this Court. For the reasons below, we deny plaintiff's motion for extension of time and motion for certiorari and dismiss the appeal.

I.

*Motion for Extension of Time*

The following facts are pertinent to this case on appeal.

On 11 December 1986, plaintiff filed a wrongful death lawsuit which arose from an automobile accident on 20 October 1986. The accident occurred when defendant Leisure allegedly lost control of a tractor-trailer truck and swerved into the opposite lane of traffic colliding with the car in which decedents Hale and Inman occupied. At the time of the accident, defendant Leisure was driving the tractor-trailer truck as an employee of defendant North American Van Lines.

The procedural history of this suit, which has become the subject of this appeal, is lengthy. Plaintiff filed numerous motions to compel defendants to answer interrogatories and produce documents in 1987, 1988 and 1989. Plaintiff's first motion to compel was granted on 27 April 1987. A subsequent motion to compel was granted on 1 September 1987.

On 30 September 1987, the Estate of Keith D. Inman (hereinafter Inman), filed a wrongful death lawsuit against Leisure and defendant. The *Inman* and *Hale* cases were consolidated for trial on 4 May 1988. On 4 May 1988, defendant was found to be in contempt of court in the *Inman* case.

Plaintiff filed another motion to compel and motion for sanctions based upon defendant's alleged failure to participate in proper discovery. On 15 August 1988, these motions were heard along

with motions in the *Inman* case. On 24 August 1988, Judge Johnson entered sanctions in the *Inman* case, striking defendant's answer for its discovery abuses. On 2 February 1989, Judge Johnson entered sanctions in the *Hale* case, but the sanctions did not strike defendant's answer.

On 2 March 1989, Hale filed a motion to compel and motion for sanctions under Rules 11, 26, 33, 34 and 37 of the N.C. Rules of Civil Procedure alleging continued discovery abuses. On 29 March 1989, Judge Herring entered an order denying Hale's motions. Hale again filed a motion for sanctions and motion to compel in April 1989. On 15 May 1989, Judge Herring entered an order finding, *inter alia*, that the trial court did not have jurisdiction to proceed "as the result of the Notice of Appeal by the Defendant North American Van Lines to the Sanctions Order entered by [Judge Johnson on 2 February 1989]."

Plaintiff filed notice of appeal of Judge Herring's Order on 15 May 1989. Judge Herring allowed plaintiff 75 days to serve the record on appeal and allowed defendant 75 days thereafter to serve its objections or proposed alternative record on appeal. The record on appeal was settled on 15 November 1989 and filed with this Court on 28 November 1989.

Under Rule 12 of the N.C. Rules of Appellate Procedure,

(a) Within 15 days after the record on appeal has been settled by any of the procedures provided in this Rule 11 or Rule 18, *but no later than 150 days after giving notice of appeal, the appellant shall file the record on appeal with the clerk of the court to which appeal is taken.*

App. R. 12(a) (1989). (Emphasis added.) We note that this rule applies to all judgments entered prior to 1 July 1989. Regardless of the time limits set by the trial court, the party appealing the trial court's order has no longer than 150 days from its notice of appeal to file the record on appeal with this Court. App. R. 12(a); *Roberts v. Roberts*, 97 N.C. App. 319, 388 S.E.2d 164 (1990). The 150-day time limit may be extended only by the appropriate appellate court. App. R. 27(c); *Roberts; State v. Ward*, 61 N.C. App. 747, 301 S.E.2d 507, *disc. review denied*, 309 N.C. 825, 310 S.E.2d 357 (1983).

[1] . In the case before us, plaintiff gave notice of appeal on 15 May 1989. The record on appeal should have been *filed* with this

Court on or before 12 October 1989. It was not settled until 15 November 1989 and filed 28 November 1989, some 47 days after the filing deadline with this Court. At no time during these months did plaintiff file a motion for an extension of time with this Court. It was not until 14 February 1990 that plaintiff filed such motion with this Court. Because no extension of time within which to file the record on appeal was granted by this Court under Rule 12 of the N.C. Rules of Appellate Procedure, the motion for an extension of time will be denied. *See Roberts; Construction Co. v. Roofing Co.*, 46 N.C. App. 634, 265 S.E.2d 506 (1980).

II.

*Motion for Certiorari*

[2] In its motion for extension of time filed 14 February 1990, plaintiff also moved, in the alternative, for certiorari to permit review of the issues on appeal in this case. For the reasons below, we deny this motion on the grounds that the issues in this case are interlocutory and that plaintiff failed to file the record on appeal pursuant to Rule 12(a) of the N.C. Rules of Appellate Procedure.

Plaintiff argues five issues on appeal, most of which pertain to discovery or evidentiary issues. Plaintiff's issue concerning whether the trial court erred in determining that it did not have jurisdiction to proceed in plaintiff's case pending appeal to this Court in the *Inman* case is now moot. This Court issued its unanimous opinion in the *Inman* appeal on 6 February 1990, affirming Judge Johnson's order of 9 January 1989. Our Supreme Court denied discretionary review of this case on 10 May 1990. Presumably, this case is now at the trial level and ready to proceed.

We hold that plaintiff's remaining issues pertaining to discovery and evidentiary matters are interlocutory. It is well settled in this state that orders concerning discovery matters are interlocutory and do not affect a substantial right which would be lost if the order was not reviewed before a final judgment. *Casey v. Grice*, 60 N.C. App. 273, 274, 298 S.E.2d 744, 745 (1983) (citation omitted).

Moreover, the appellate courts in this state consistently discourage fragmentary and partial appeals. *See Pelican Watch v. U.S. Fire Ins. Co.*, 323 N.C. 700, 375 S.E.2d 161 (1989). We consider discovery and evidentiary issues, such as those appealed in the case *sub judice*, to be fragmentary and partial issues which,

in the interest of judicial economy, should not be considered by this Court.

For the reasons above, we deny plaintiff's motions and dismiss the appeal.

Appeal dismissed.

Judges ARNOLD and LEWIS concur.