SHIRLEY B. NORRIS AND MURRAY NORRIS, PLAINTIFFS v. RAYMOND L. SATTLER, M.D., WILMINGTON NEUROSURGICAL ASSOCIATES, P.A., AND CAPE FEAR MEMORIAL HOSPITAL, INC., DEFENDANTS

No. COA99-642

(Filed 1 August 2000)

**Appeal and Error— appealability—interlocutory order—denial of ex parte contact with physician—no substantial right**

An appeal was dismissed as interlocutory where plaintiffs filed an action alleging negligent neurosurgery; dismissed their claims against the doctor and practice, leaving the claim against defendant hospital; defendant filed a motion to permit contact with the treating physician; that motion was denied; and defendant appealed. Interlocutory discovery orders are not ordinarily appealable prior to final judgment, but review has been allowed if a substantial right is implicated. Here, while defendant is prohibited from ex parte contact, the order in no way precludes the multi-varied discovery methods of Rule 26 and defendant's assertion that the order precluded preparing its defense was not persuasive.

Appeal by defendant Cape Fear Memorial Hospital from order entered 16 March 1999 by Judge W. Allen Cobb, Jr., in New Hanover County Superior Court. Heard in the Court of Appeals 13 March 2000.

*Henson & Fuerst, P.A., by Thomas W. Henson, for plaintiffs-appellees.*

*Harris, Shields, Creech & Ward, P.A., by Thomas E. Harris, R. Brittain Blackerby, and Mary V. Ringwalt, for defendant-appellant Cape Fear Memorial Hospital.*

JOHN, Judge.

Defendant Cape Fear Memorial Hospital, Inc. (Cape Fear) appeals the trial court's order denying its "Motion to Waive Privilege and Permit Contact with Treating Physician." Cape Fear's appeal is interlocutory and must be dismissed.

Pertinent facts and procedural history include the following: On 15 June 1995, plaintiffs Murray and Shirley B. Norris (Mr. and Mrs. Norris), husband and wife, filed suit against defendants Raymond Sattler, M.D. (Dr. Sattler), Wilmington Neurological Associates, P.A.

(WNA), and Cape Fear. Plaintiffs' complaint alleged that Dr. Sattler, an employee of WNA, negligently performed neurosurgery on Mrs. Norris proximately causing her to become blind in her right eye and to suffer, *inter alia*, "diminished mental status . . . [and] emotional immobility."

Plaintiffs further alleged Dr. Sattler was an agent of Cape Fear which, at the time of the operation upon Mrs. Norris, knew that Dr. Sattler suffered from "physical and/or mental illness" such that he exhibited "erratic, bizarre, dangerous, and life threatening behavior." Notwithstanding, the complaint continued, Cape Fear "allowed him to continue practicing at their facility" and to perform the surgery at issue. Plaintiffs sought compensatory and punitive damages.

Cape Fear filed its answer 3 August 1995 and Dr. Sattler and WNA answered 14 August 1995, each of the three generally denying plaintiffs' claims. Dr. Sattler's deposition was taken 26 September 1996. On 30 July 1997, plaintiffs voluntarily dismissed with prejudice their claims against Dr. Sattler and WNA.

Cape Fear thereafter filed a (22 December 1998) "Motion to Waive Privilege and Permit Contact with Treating Physician" seeking an order "confirming" that the physician-patient privilege between Dr. Sattler and Mrs. Norris had been waived, and

> permitting [Cape Fear] to have such discussions with Dr. Sattler as [Cape Fear] deems necessary and appropriate to prepare for the trial of the case.

Cape Fear also filed a motion requesting that the court make findings of fact in support of its order. *See* N.C.G.S. § 1A-1, Rule 52(a)(2) (1999). On 16 March 1999, the trial court entered an order (the Order) denying Cape Fear's motion, citing *Crist v. Moffatt*, 326 N.C. 326, 389 S.E.2d 41 (1990) as "controlling" authority.

Cape Fear subsequently appealed in a timely manner. On 1 July 1999, plaintiffs moved to dismiss Cape Fear's appeal as interlocutory.

In *Crist*, our Supreme Court held that notwithstanding waiver of the physician-patient privilege by a patient, *see* N.C.G.S. § 8-53 (1999),

> defense counsel may not interview plaintiff's nonparty treating physicians privately without plaintiff's express consent. Defendant instead must utilize the statutorily recognized methods of discovery enumerated in N.C.G.S. § 1A-1, Rule 26 [(1999) (Rule 26)].

*Crist,* 326 N.C. at 336, 389 S.E.2d at 47. Cape Fear maintains the case *sub judice* is distinguishable from *Crist;* however, it is unnecessary to address Cape Fear's argument in that we conclude plaintiffs' motion to dismiss the instant appeal should be allowed.

An order of the trial court

is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy. . . . There is generally no right to appeal an interlocutory order.

*Howerton v. Grace Hospital, Inc.,* 124 N.C. App. 199, 201, 476 S.E.2d 440, 442 (1996) (citations omitted). The rule prohibiting interlocutory appeals

prevent[s] fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.

*Fraser v. Di Santi,* 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied,* 315 N.C. 183, 337 S.E.2d 856 (1985).

Without doubt, the Order challenged herein is interlocutory as it does not fully dispose of the case. *See Howerton,* 124 N.C. App. at 201, 476 S.E.2d at 442. Interlocutory orders may be appealed only in two instances:

first, where there has been a final determination of at least one claim, and the trial court certifies there is no just reason to delay the appeal, [N.C.G.S. § 1A-1, Rule 54(b) (1990) (Rule 54)]; and second, if delaying the appeal would prejudice a "substantial right."

*Liggett Group v. Sunas,* 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993) (citations omitted).

There is no issue of the applicability of the first avenue of appeal herein. No final determination has been made as to any claims and the trial court did not certify the present appeal pursuant to Rule 54. *See id.*

Under the substantial right exception, *see* N.C.G.S. §§ 1-277(a), 7A-27(d)(1) (1999), an otherwise interlocutory order may be appealed upon a showing by the appellant that: (1) the order affects a right that is indeed "substantial;" and, (2) "enforcement of that right, absent

immediate appeal, [will] be 'lost, prejudiced, or be less than adequately protected by exception to entry of the interlocutory order.' " *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 250, 507 S.E.2d 56, 62 (1998) (quoting *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 6, 362 S.E.2d 812, 815 (1987)).

Our courts have acknowledged that the substantial right test

is more easily stated than applied [and] [i]t is usually necessary to resolve the question in each case by considering the particular facts of the case and the procedural context in which the order from which appeal is sought was entered.

*Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). In any event, "it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994).

The Order is best categorized as a discovery order in that it prohibits Cape Fear from contact with Dr. Sattler other than through "the statutorily recognized methods of discovery enumerated in" Rule 26. *Crist*, 326 N.C. at 336, 389 S.E.2d at 47. It is a well-established "general rule that interlocutory discovery orders are not ordinarily appealable prior to entry of a final judgment," *Sharpe v. Worland*, 351 N.C. 159, 164, 522 S.E.2d 577, 580 (1999), as they do not affect a substantial right, *id.* at 163, 522 S.E.2d at 579.

We consider discovery . . . issues . . . to be fragmentary and partial issues which, in the interest of judicial economy, should not be considered by this Court.

*Hale v. Leisure*, 100 N.C. App. 163, 167-68, 394 S.E.2d 665, 668 (1990).

However, our courts have allowed review of such orders if a substantial right is indeed implicated. *See Sharpe*, 351 N.C. at 164, 522 S.E.2d at 580 (order compelling discovery of documents protected by statutory privilege affected substantial right); *Shaw v. Williamson*, 75 N.C. App. 604, 606, 331 S.E.2d 203, 204 (order compelling discovery of documents protected by constitutional right against self-incrimination affected substantial right), *disc. review denied*, 314 N.C. 669, 335 S.E.2d 496 (1985); *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 554, 353 S.E.2d 425, 426 (1987) (order compelling discovery appealable if order enforced by sanctions); *Tennessee-Carolina Trans. Co. v. Strict Corp.*, 291 N.C. 618, 625, 629, 231 S.E.2d

597, 601, 603 (1977) (order denying deposition of witness "effectively preclude[d]" defendant from introducing "highly material" evidence and therefore affected substantial right).

According to Cape Fear, the "substantial right" involved herein "is the right to prepare adequate defenses for trial with the critical witness in the case." Cape Fear insists the Order has placed it

> in the untenable position of having to defend the conduct of a physician without having the ability to meet with and discuss the case with that individual prior to trial.

On the contrary, while it is true that Cape Fear is prohibited from *ex parte* contact with Dr. Sattler, the Order in no way precludes Cape Fear from "meet[ing] with and discussing the case with" Dr. Sattler in the context of the multi-varied discovery methods detailed in Rule 26. *See* Rule 26(a) (parties may obtain discovery by "depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission"). Further, the Order in no way precludes Cape Fear from discovering or introducing "highly material" evidence, as in *Tennessee-Carolina Trans. Co.*, 291 N.C. at 629, 231 S.E.2d at 603.

In weighing the competing interests in light of analogous arguments in *Crist*, our Supreme Court observed that

> "*ex parte* interviews may be less expensive and time-consuming than formal discovery and may provide a party some means of equalizing tactical advantage . . . ."
>
> . . . .
>
> [However,] considerations of patient privacy, the confidential relationship between doctor and patient, the adequacy of formal discovery devices, and the untenable position in which *ex parte* contacts place the nonparty treating physician supersede defendant's interest in a less expensive and more convenient method of discovery.

*Crist*, 326 N.C. at 335-36, 389 S.E.2d at 46-47 (citing *Nelson v. Lewis*, 534 A.2d 720, 723 (N.H. 1987)).

Under the circumstances *sub judice*, therefore, we hold Cape Fear has not met its "burden to present appropriate grounds,"

*Jeffreys*, 115 N.C. App. at 379, 444 S.E.2d at 253, for hearing the instant interlocutory appeal. Cape Fear has been unpersuasive in its assertion that the Order precluded it from preparing its defense with the critical witness, *see Tennessee-Carolina Trans. Co.*, 291 N.C. at 629, 231 S.E.2d at 603, so as to deprive it of a substantial right, thereby justifying an immediate appeal, *see Dworsky v. Insurance Co.*, 49 N.C. App. 446, 448, 271 S.E.2d 522, 523 (1980).

Notwithstanding, Cape Fear interjects that our Supreme Court vacated, *see Crist*, 326 N.C. at 330, 389 S.E.2d at 44, and thus over-ruled, this Court's earlier *Crist* decision dismissing as interlocutory the defendant's appeal of a trial court's order prohibiting ex parte contact with the plaintiff's non-party treating physicians, *see Crist v. Moffatt*, 92 N.C. App. 520, 523, 374 S.E.2d 487, 488 (1988). In the Court of Appeals opinion, we held the order appealed from did not "deprive[] defendant of any right, substantial or otherwise." *Id.* at 520, 374 S.E.2d at 488.

Contrary to Cape Fear's assertion, however, the Supreme Court did not overrule our determination that a substantial right was not affected, but rather acknowledged the appeal was interlocutory and nonetheless elected to review the case pursuant to its discretionary powers " 'to review upon appeal any decision of the courts below, upon any matter of law or legal inference,' " *Crist*, 326 N.C. at 330, 389 S.E.2d at 44 (citing N.C. Const., art. IV, § 12(1)); *see also Lea Company v. N.C. Bd. of Transportation*, 317 N.C. 254, 263, 345 S.E.2d 355, 360 (1986) (supervisory powers provided in art. IV, § 12(1) rarely utilized, but may be invoked "to promote the expeditious administration of justice"). Ultimately, moreover, the Supreme Court affirmed the trial court's order prohibiting *ex parte* contact with the plaintiff's non-party treating physicians. *Crist*, 326 N.C. at 337, 389 S.E.2d at 48.

In sum, because Cape Fear's appeal is interlocutory and Cape Fear has failed to show the Order affects a substantial right, plaintiffs' motion to dismiss the appeal must be allowed. *See Liggett Group*, 113 N.C. App. at 23-24, 437 S.E.2d at 677.

Appeal dismissed.

Judges LEWIS and EDMUNDS concur.