JENKINS v. CHOONG

[147 N.C. App. 780 (2001)]

MELISSA RENEE JENKINS, Plaintiff v. HAN PYO CHOONG, M.D. and ALEXANDER
COMMUNITY HOSPITAL, INC., Defendants

No. COA01-175

(Filed 18 December 2001)

**Appeal and Error— appealability—denial of motion for Rule
11 sanctions**

> An appeal was dismissed as interlocutory, despite certification pursuant to N.C.G.S. § 1A-1, Rule 54(b), where plaintiff sought to appeal from the denial of Rule 11 sanctions. The denial of the motion for sanctions does not implicate a substantial right which will be lost if this particular case moves forward to a final judgment.

Appeal by plaintiff from order entered 2 November 2000, and amended 22 November 2000, by Judge William Erwin Spainhour in Alexander County Superior Court. Heard in the Court of Appeals 5 November 2001.

*Twiggs, Abrams, Strickland & Rabenau, P.A., by Howard F. Twiggs, Donald R. Strickland, and Jeff E. Essen; and Richard S. Hunter, Jr., for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by James P. Cooney III; and Northup & McConnell, P.L.L.C., by Isaac N. Northup, Jr., and Elizabeth E. McConnell, for defendant-appellee Choong.*

*Roberts & Stevens, by Jacqueline Grant and Jim Williams, for defendant-appellee Alexander Community Hospital, Inc.*

*Kuniholm Law Firm, by Elizabeth F. Kuniholm, for North Carolina Academy of Trial Lawyers, amicus curiae.*

*Carruthers & Roth, P.A., by Richard L. Vanore and Norman F. Klick, Jr., for North Carolina Association of Defense Attorneys, amicus curiae.*

PER CURIAM.

Plaintiff appeals from the trial court's order denying plaintiff's motion for sanctions against counsel for Han Pyo Choong, M.D. (hereinafter "defendant"). Plaintiff claims that defendant's counsel, Elizabeth McConnell, violated the Rules of Professional Conduct and case law prohibiting *ex parte* communication between an attorney

and a non-party treating physician by mailing a letter complete with attachments to one of plaintiff's physicians prior to his deposition. The trial court denied plaintiff's request for sanctions, concluding as a matter of law that defense counsel violated neither the North Carolina Supreme Court's holding in *Crist v. Moffatt*, 326 N.C. 326, 389 S.E.2d 41 (1990), nor Ethics op. RPC 162, which prohibits communication "with the opposing party's nonparty treating physician about the physician's treatment of the opposing party unless the opposing party consents." The trial court certified the order for appellate review pursuant to G.S. § 1A-1, Rule 54(b).

A litigant is entitled to appeal either from a final judgment or from an interlocutory order which affects a substantial right. *Hart v. F.N. Thompson Const. Co.*, 132 N.C. App. 229, 511 S.E.2d 27 (1999) (citing N.C. Gen. Stat. § 1-277(a); N.C. Gen. Stat. § 7A-27). An interlocutory order affects a substantial right when the order "deprive[s] the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered." *Cook v. Bankers Life & Cas. Co.*, 329 N.C. 488, 491, 406 S.E.2d 848, 850 (1991) (citation omitted). Our Supreme Court has held that it is typically necessary to determine whether a substantial right is affected on a case by case basis " 'by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered.' " *Sharpe v. Worland*, 351 N.C. 159, 162-63, 522 S.E.2d 577, 579 (1999) (citation omitted). Although a trial court may certify the issues for immediate review pursuant to G.S. § 1A-1, Rule 54(b) and G.S. § 1-277, this certification does not bind the appellate court because " 'ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court.' " *First Atlantic Management Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 61 (1998) (quoting *Estrada v. Jaques*, 70 N.C. App. 627, 640, 321 S.E.2d 240, 249 (1984)).

As a general rule, discovery orders do not affect a substantial right and are not immediately appealable. *See Norris v. Sattler*, 139 N.C. App. 409, 533 S.E.2d 483 (2000) (denial of defendant-hospital's motion seeking permission to contact non-party physician, who allegedly caused the plaintiff's injury, did not implicate substantial right of the hospital because the hospital could gather evidence through formal discovery). Although North Carolina's appellate courts have permitted review of discovery orders when a substantial right is affected, no North Carolina court has allowed review of the denial of a motion for sanctions for an alleged violation of the rules

against *ex parte* communications on the grounds that a substantial right is affected. The trial court's order denying plaintiff's motion for sanctions does not implicate a substantial right of plaintiff which will be lost if this particular case moves forward to a final judgment.

Appeal dismissed.

Panel consisting of:

EAGLES, C.J., MARTIN, and BIGGS, JJ.