NANCY S. MACK v. DONALD T. MOORE, M.D., DONALD T. MOORE, M.D., P.A., ARTHUR VERNON STRINGER, M.D., JOHN T. DANIEL, JR., M.D., JOHN T. DANIEL, JR., M.D., P.A., LLOYD B. MINOR, M.D., AND J. D. SIEFKER, M.D.

No. 8714SC866

(Filed 4 October 1988)

1. **Appeal and Error § 6.9; Rules of Civil Procedure § 26— order compelling response to discovery request—no sanctions imposed—order not appealable**

     An order compelling plaintiff to answer a discovery request was not immediately appealable, since it contained no enforcement sanction.

2. **Rules of Civil Procedure § 26— non-testifying experts—identity not discoverable**

     The identities of experts who acquired knowledge of facts and formed opinions in anticipation of litigation or for trial but who are not expected to testify at trial are not discoverable under Rule 26. N.C.G.S. § 1A-1, Rule 26(b)(4)(a)(1) (1983).

3. **Rules of Civil Procedure § 26— request for identity of all experts—procedure for determining discoverability**

     Before it can be determined if the identity of an expert is discoverable, the party resisting discovery should set forth with some specificity the reasons he believes the expert's identity is not discoverable; the propounding party is then entitled to a determination of the expert's status based on an *in camera* review by the trial court; the court is then required to consider whether the expert has information of discoverable matter, how the expert acquired the information, and whether the party expects to call the expert as a witness; and after the *in camera* review the trial court should make appropriate findings of fact and then order the evidence taken during the *in camera* review sealed in the files of the clerk of court for use on appellate review.

Mack v. Moore

APPEAL by plaintiff from *Lee (Thomas H.), Judge.* Order entered 19 May 1987 in Superior Court, DURHAM County. Heard in the Court of Appeals 9 February 1988.

*R. Marie Sides and Chris Kremer for plaintiff-appellant.*

*Faison, Brown, Fletcher & Brough, by O. William Faison and Reginald B. Gillespie, Jr., for defendant-appellees Donald T. Moore, M.D., and Donald T. Moore, M.D., P.A.*

*Yates, Fleishman, McLamb & Weyher, by Beth R. Fleishman, for defendant-appellees Arthur Vernon Stringer, M.D., Lloyd B. Minor, M.D., and J. D. Siefker, M.D.*

GREENE, Judge.

Plaintiff Nancy S. Mack (hereinafter "Plaintiff") appeals from the trial court's order compelling her to answer certain discovery requests propounded by Defendants Donald T. Moore, M.D. and Donald T. Moore, M.D., P.A. (hereinafter "Defendants"). For the reasons below, we reverse the trial court's order.

Plaintiff filed a complaint against defendants alleging she was injured as a result of negligence and medical malpractice. Defendants served a set of Interrogatories and a Request for Production of Documents on Plaintiff. Included among these was Interrogatory 46, which asked:

> Have you, your attorney, or agents consulted or communicated in any way with any consultant, advisor, or any other individual or group of individuals whom you could or might use as an expert witness, but whom you do not intend to call as a witness. If affirmative, identify the name, present address and occupation of each such individual and produce for inspection any and all reports, evaluations or other documents prepared by each such individual.

Plaintiff answered Interrogatory 46 as follows: "NOT WITHIN THE scope of Rule discovery."

Defendants thereafter sought, pursuant to N.C.G.S. Sec. 1A-1, Rule 26, to compel plaintiff to respond to Interrogatory 46. The trial court granted the motion and ordered the plaintiff to answer Interrogatory 46.

Mack v. Moore

There are two questions presented for review: I) whether the trial court's order compelling discovery is immediately appealable and II) whether the identities of experts not expected to testify at trial are discoverable under Rule 26 of the North Carolina Rules of Civil Procedure.

I

[1] As a general rule, an order compelling discovery is not immediately appealable because it is interlocutory and does not affect a substantial right which would be lost if the ruling is not reviewed before final judgment. *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E. 2d 806, 807, *disc. rev. denied*, 318 N.C. 505, 349 S.E. 2d 859 (1986). However, when a party is "adjudged to be in contempt for noncompliance with a discovery order or has been assessed with certain other sanctions," the order is immediately appealable because "it affects a substantial right." *Benfield v. Benfield*, 89 N.C. App. 415, 418, 366 S.E. 2d 500, 502 (1988).

Here, the order compelling plaintiff to answer the discovery request contained no enforcement sanctions and therefore is not appealable. Nevertheless, we have elected in our discretion to treat the purported appeal as a petition for writ of certiorari and address the merits. N.C.R. App. P. 21(a)(1), N.C.G.S. Sec. 7A-32(c) (1986). *See Industrotech Constructors v. Duke University*, 67 N.C. App. 741, 742-43, 314 S.E. 2d 272, 274 (1984).

II

[2] The issue presented by the plaintiff's assignment of error is whether the plaintiff can be required to provide to defendant the identity of her non-testifying expert.

Rule 26(b)(4)(a)(1) provides:

(4) Trial preparation; Experts.—Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subsection (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

a. 1. A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state

the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

N.C.G.S. Sec. 1A-1, Rule 26(b)(4)(a)(1) (1983).

This statute permits a party to obtain by interrogatories from another party three things: "(1) the identity of any expert witness the other party expects to call at trial; (2) the subject matter on which the expert is expected to testify; and (3) the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion," 8 C. Wright & A. Miller, *Federal Practice and Procedure* Sec. 2030, p. 252 (discussing Federal Rule 26(b)(4)(A)(i) which is identical to North Carolina Rule 26(b)(4)(a)(1)), provided the "facts known and opinions held" by the expert are "discoverable under the provisions of subsection (b)(1)" and the "facts known and opinions held" were "acquired or developed in anticipation of litigation." If discovery is desired under Rule 26(b)(4) beyond that permitted under Rule 26(b)(4)(a)(1), the party may seek an order from the court for "further discovery" as permitted under Rule 26(b)(4)(a)(2).

Neither North Carolina Rule 26(b)(4) nor its federal counterpart speaks specifically to the issue of whether a party is entitled to discover the *identity* of a non-testifying expert. The federal version of Rule 26(b)(4) however does provide:

A party may discover facts known or opinions held by an *expert* who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and *who is not expected to be called as a witness* at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Federal Rule 26(b)(4)(B) (emphasis added).

There is disagreement among the courts as to whether a party is entitled under the federal rules to discover the identity of a non-testifying expert. *Compare Ager v. Jane C. Stormont Hospital and Training School for Nurses*, 622 F. 2d 496 (10th Cir. 1980) (requiring proof of "exceptional circumstances" before en-

titlement to identity of non-testifying expert) *with Baki v. B. F. Diamond Const. Co.,* 71 F.R.D. 179 (D. Md. 1976) (allowing discovery of identity of non-testifying expert under showing of relevance as provided in Rule 26(b)(1)).

The North Carolina version of Rule 26 does not contain a provision similar to Federal Rule 26(b)(4)(B) and does not otherwise specifically address the discoverability of the identities of non-testifying experts.

The defendant here argues that the general provisions of Rule 26(b)(1) require the production of the identities of all experts whether or not the expert is going to testify and regardless of how or when the expert acquired knowledge of the discoverable matter. Rule 26(b)(1) provides in part:

> Parties may obtain discovery regarding any matter not privileged which is relevant to the subject matter involved in the pending action . . . including . . . the *identity* and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence nor is it ground for objection that the examining party has knowledge of the information as to which discovery is sought.

N.C.G.S. Sec. 1A-1, Rule 26(b)(1) (1983) (emphasis added).

The defendant argues the identity of an expert is discoverable if "not privileged," "relevant" and it "appears reasonably calculated to lead to the discovery of admissible evidence" and the expert has knowledge of some "discoverable matter." Rule 26(b)(1).

We reject defendant's argument. Rule 26(b)(1) addresses the scope of discovery in general and should be read as determinative only when more specific directives are not provided. Rule 26(b)(4) provides specific directives for discovering information held by some experts and to the extent applicable, Rule 26(b)(4) is controlling. *See State v. Strickland,* 27 N.C. App. 40, 43, 217 S.E. 2d 758, 760, *appeal dismissed,* 288 N.C. 512, 219 S.E. 2d 348 (1975) (recognized principle of statutory construction is that words of particular import following words of general import will prevail).

If an expert (1) has facts and opinions "otherwise discoverable" under Rule 26(b)(1), (2) "acquired or developed [such facts and opinions] in anticipation of litigation or for trial," and (3) is expected to be called as an expert witness at trial, Rule 26(b)(4) is controlling and his identity is discoverable. If such an expert is not expected to testify, the identity of that expert is not discoverable. The identities of experts whose information is not acquired in anticipation of trial, such as actors or viewers of the occurrence that gave rise to the suit, are discoverable as ordinary non-expert witnesses. *See* Rule 26, comment; *see also* 4 Moore's Federal Practice Sec. 26.66[2] at 26-408 (2d ed. 1987) ("Experts who have not acquired or developed their information in anticipation of litigation or for trial are not protected by Rule 26(b)(4), but instead are treated as ordinary witnesses under Rule 26(b)(1)"). We do not here address, as the issue is not raised in this appeal, whether a party may obtain discovery pursuant to Rule 26(b)(3) of "documents and tangible things otherwise discoverable under subsection (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's consultant. . . ." *See generally* Rule 26, comment (failure to adopt Federal Rule 26(b)(4)(B) would not appear to foreclose discovery under North Carolina Rule 26(b)(3) ); 4 Moore's Federal Practice Sec. 26.64[3.-1] at 26-362 (2d ed. 1987) (party seeking discovery of documents and materials must show substantial need or inability to obtain substantially equivalent materials without undue hardship).

[3]   Before it can be determined if the identity of an expert is discoverable, the party resisting discovery should set forth with some specificity the reasons he believes the expert's identity is not discoverable. The propounding party is then entitled to a determination of the expert's status based on an *in camera* review by the trial court. *See State v. Hardy*, 293 N.C. 105, 128, 235 S.E. 2d 828, 842 (1977). This necessarily requires the trial court to consider whether the expert has information of discoverable matter, how the expert acquired the information, and whether the party expects to call the expert as a witness. After the *in camera* review, the trial court should make appropriate findings of fact and then order the evidence taken during the *in camera* review sealed in the files of the clerk of court for use on appellate review. *Id. See also State v. Chavis*, 24 N.C. App. 148, 182, 210

S.E. 2d 555, 577 (1974). Here the record does not reflect any findings of fact by the trial court nor is there anything in the record to indicate that the trial court conducted an *in camera* review. Therefore, the order of the trial court must be vacated and the case remanded for proceedings consistent with this opinion.

Vacated and remanded.

Judges WELLS and EAGLES concur.