**KAPLAN v. PROLIFE ACTION LEAGUE OF GREENSBORO**

[123 N.C. App. 677 (1996)]

RICHARD D. KAPLAN, M.D., MARGUERITE KAPLAN, JACOB M. KAPLAN, AND DAVID S. KAPLAN, PLAINTIFFS v. PROLIFE ACTION LEAGUE OF GREENSBORO, WILLIAM H. WINFIELD, JR., LINDA WINFIELD, RONALD W. BENFIELD, SCOTT ALLRED, STEPHEN MICHAEL BEALL, SETH HINSHAW, ALBERT HODGES, JEFFREY ALEXANDER KENDALL, FATHER CONRAD KIMBROUGH, JULIAN McCLAMROCH, BERNARD McHALE, DUANE RICHARDSON, CANDIDO ROSARIO, A/K/A CANDIDO ROSARIO MATOS, DR. KEITH SCHIMMEL, RONALD STEINKAMP, JOHN THOMPSON, KEVIN WOLPERT, LEIGH ALLRED, KAREN L. BEANE, VIRGINIA BELL, SHARON STEELE CLARK, MARIANA DONADIO, LIBBY DUNSMORE, RHONDA EDMONDS, A/K/A RHODA EDMONDS, THERESA FARLEY, PAMELA FORD ALLISON, YVONNE FORD, HARIETTE GABRIELE, GEORGIA GAINES, ELSIE GALAN, KARIN GRUBBE, DEBORAH HEBESTREIT, DIANNE McCLAMROCH, ELAINE McHALE, REBECCA MORRISON, MONICA POLLARD, CAROL REDMOND, MARTA RICHARDSON, ELIZABETH D. SALTER, A/K/A BETTY SALTER, KIMBERLY SCHIMMEL, ANNABELLE SIMPSON, BETTY STEINKAMP, LYNN THOMPSON, LAUREL TREDDINICK, AMBER WINFIELD, CATHERINE WOLPERT, JOHN DOES XX THROUGH XXVIII, AND JANE DOES XXXV XLII, DEFENDANTS

No. COA95-1098

(Filed 3 September 1996)

### Appeal and Error § 95 (NCI4th)— order requiring disclosure of documents—no sanctions—order not appealable

The trial court's order requiring disclosure of documents relating to the assets, organization, or business activities of defendant Prolife Action League within a certain time period did not finally determine the action, since it contained no enforcement sanctions, and did not affect a substantial right; therefore, defendants' appeal from the order requiring disclosure is dismissed.

### Am Jur 2d, Appellate Review §§ 136-138.

Appeal by defendants from order entered 26 April 1995 by Judge Thomas W. Ross in Guilford County Superior Court. Heard in the Court of Appeals 21 May 1996.

*Smith Helms Mulliss & Moore, L.L.P., by Alan W. Duncan and Matthew W. Sawchak, for plaintiffs-appellees.*

*Arthur J. Donaldson and the American Center for Law & Justice, by Walter M. Weber, for defendants-appellants Linda Winfield, William H. Winfield, Jr., and Linda Winfield d/b/a the Prolife Action League of Greensboro.*

JOHNSON, Judge.

This is an appeal from an interlocutory order of the trial court requiring defendants to disclose certain financial records pursuant to a valid request for discovery filed by plaintiffs. The case history up to the entry of the order appealed from is as follows: Plaintiffs, a medical doctor and his family, filed a complaint seeking relief from alleged intimidation, harassment, and extortion visited upon them by defendants in protest of plaintiff doctor's practice of performing legal abortions. Plaintiffs moved for a preliminary injunction seeking to bar defendants from threatening plaintiffs or from picketing within a certain distance. The motion was allowed, and defendants appealed. This Court affirmed the issuance of the preliminary injunction. *See Kaplan v. Prolife Action League of Greensboro*, 111 N.C. App. 1, 431 S.E.2d 828, *appeal dismissed and disc. review denied*, 335 N.C. 175, 436 S.E.2d 379 (1993), *cert. denied*, —— U.S. ——, 129 L. Ed. 2d 894 (1994).

During the pendency of the first appeal, plaintiffs served on defendants their first request for discovery of documents, including in paragraph eight (8), the following request: "Please produce all documents relating in any way to the assets, organization, or business activities of the Prolife Action League of Greensboro." Thereafter, defendant Prolife Action League (the League) sought a protective order to bar the discovery requested. By order dated 13 January 1994, the protective order was allowed in part and denied in part. The trial court denied protection insofar as the documents requested in paragraph eight (8) above, but permitted the League to produce the documents for an *in camera* inspection prior to releasing them to plaintiffs. The League petitioned this Court for a temporary stay and writ of supersedeas, both of which were dismissed on 13 January 1994. *See Kaplan*, No. 9416TS-PS.

On 30 November 1994, the trial court entered an order entitled "Consent Protective Order on Confidentiality" in which it was recognized that some of the necessary discovery and testimony over the course of the action may involve production and disclosure of sensitive and/or confidential information. In order to ensure that the use of such information be limited to the purposes of the litigation only, the order required that all information provided by both sides pursuant to the 27 October 1994 order be deemed "confidential," and permitted the parties on their own to so designate any future documents or testimony.

Further, the order instructed that all confidential information be maintained by the attorneys of record, who would be held responsible for protecting the confidentiality of the subject matter. Finally, the order required that all documents filed with the court designated confidential be filed under seal, and all confidential information be returned to the producing party within thirty (30) days of the close of trial.

The League eventually submitted the documents to the trial court for review. Following review of the documents, the trial court entered an order in which it held:

1. The information contained in these documents is reasonably calculated to lead to the discovery of admissible evidence, as required by Rule 26(b) of the North Carolina Rules of Civil Procedure;

2. In light of the entire record compiled so far in this case, any First Amendment infringement that might result from disclosure of the documents to the plaintiffs does not warrant withholding these documents from the plaintiffs; and

3. The documents at issue contain sensitive and confidential information. These documents require protection against unrestricted disclosure or use to ensure that any information disclosed is used for purposes of this litigation only.

To that end, the court ordered that defendants provide plaintiffs with all unredacted copies of the documents at issue within thirty (30) days of the 26 April 1995 date of the order. Further, the court noted that all of the information contained in the documents would be subject to a Consent Protective Order on Confidentiality entered 30 November 1994 by the court and by stipulation of the parties. Defendants appeal from the trial court's discovery order requiring disclosure of "all documents relating in any way to the assets, organization, or business activities of [the League]" to plaintiffs under the terms of the Consent Protective Order on Confidentiality.

As noted above, the trial court's discovery order is interlocutory in that it is not a final order disposing of the case. *N.C. Farm Bureau Mutual Ins. Co. v. Wingler,* 110 N.C. App. 397, 429 S.E.2d 759, *disc. review denied,* 334 N.C. 434, 433 S.E.2d 177 (1993). Thus, we address the issue of appealability.

An interlocutory order may be appealed if it qualifies under the provisions of North Carolina General Statutes sections 1-277 and 7A-27(d)(1) by demonstrating that a delay will result in prejudice or loss of a substantial right. *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E.2d 797 (1976). Generally, there is no right to appeal from an order compelling discovery as it does not affect a substantial right which would be lost if not reviewed prior to final judgment. *Mack v. Moore*, 91 N.C. App. 478, 372 S.E.2d 314 (1988), *disc. review denied*, 323 N.C. 704, 377 S.E.2d 225 (1989). However, when a party's failure to comply with an order compelling discovery results in a finding of contempt or the assessment of other sanctions, the order does affect a substantial right and is immediately appealable. *See Benfield v. Benfield*, 89 N.C. App. 415, 366 S.E.2d 500 (1988).

In the case before us, the order from which defendants appeal contains no enforcement sanctions. It merely orders defendants to produce the documents requested within a certain time period. Therefore, it does not finally determine the action, nor does it affect a substantial right which might "be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order." *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 6, 362 S.E.2d 812, 815 (1987); *see Mack*, 91 N.C. App. 478, 372 S.E.2d 314.

In the present case, defendants contend that the trial court's discovery order violates the associational privilege guaranteed by the First Amendment to the United States Constitution. Nevertheless, the mere assertion of a constitutional violation, without more, is insufficient to constitute a substantial right absent a finding of contempt or the imposition of other sanctions. Accordingly, the present appeal must be dismissed.

Dismissed.

Judges LEWIS and MARTIN, MARK D. concur.