LASSIE M. SHARPE v. DAVID ERIC WORLAND, GREENSBORO ANESTHESIA ASSO-
CIATES, P.A., WESLEY LONG COMMUNITY HOSPITAL, INC., JOHN DOES I
THROUGH XXV, AND JANE DOES I THROUGH XXV

No. 55PA99

(Filed 3 December 1999)

**Appeal and Error— appealability—discovery order—hospi-
tal—impaired physician program documents**

An interlocutory discovery order in a medical malpractice action requiring defendant hospital to produce documents concerning defendant physician's participation in an impaired physician program affected a substantial right and was immediately appealable where defendants asserted that the documents were

SHARPE v. WORLAND

[351 N.C. 159 (1999)]

protected by a statutory privilege, N.C.G.S. § 90-21.32(e), a substantial right of defendants is thus affected, and this right will be lost if the trial court's order is not reviewed before entry of a final judgment.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 132 N.C. App. 223, 511 S.E.2d 35 (1999), dismissing as interlocutory the appeal of a 24 February 1998 order entered by Freeman, J., in Superior Court, Guilford County. Heard in the Supreme Court 20 September 1999.

*Faison & Gillespie, by O. William Faison and John W. Jensen, for plaintiff-appellee.*

*Carruthers & Roth, P.A., by Richard L. Vanore and Norman F. Klick, Jr., for defendant-appellants David Eric Worland and Greensboro Anesthesia Associates.*

*Lawing, Sharpless & Stavola, P.A., by Joseph M. Stavola and Joseph P. Booth, III, for defendant-appellant Wesley Long Community Hospital.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Michael E. Weddington, on behalf of North Carolina Physicians Health Program, Inc., amicus curiae.*

MARTIN, Justice.

On 5 March 1997 plaintiff, Lassie M. Sharpe, initiated this medical malpractice action against named defendants David Eric Worland, M.D. (Dr. Worland), Greensboro Anesthesia Associates, P.A. (Greensboro Anesthesia), and Wesley Long Community Hospital, Inc. (the Hospital) for personal injuries she received while being treated at the Hospital. Plaintiff alleges that Dr. Worland, an employee of Greensboro Anesthesia and a practicing anesthesiologist at the Hospital, negligently supervised the administration of an epidural for post-surgery pain management resulting in injury to plaintiff's spine.

On 22 December 1997, pursuant to North Carolina Rule of Civil Procedure 30(b)(5), plaintiff served a notice of deposition upon the Hospital, requesting, among other things, that the Hospital produce "[a]ll documents related to all complaints and incident reports" and "[a]ll minutes of any meeting or hearing of the Board of Trustees" relating to Dr. Worland. On 29 December 1997 the Hospital moved for

a protective order. In the trial court, the Hospital asserted that certain documents pertaining to Dr. Worland's participation in the Physician's Health Program (PHP) were privileged and, therefore, protected from disclosure.

On 24 February 1998 the trial court denied the motion for a protective order and ordered the Hospital to produce all documents "concerning Defendant Worland's participation in the Physician's Health Program." Defendants appealed.

The Court of Appeals dismissed defendants' appeal as interlocutory and not affecting a substantial right. *See Sharpe v. Worland*, 132 N.C. App. 223, 225, 511 S.E.2d 35, 37 (1999). On 6 May 1999 we allowed defendants' petitions for discretionary review.

Interlocutory orders and judgments are those "made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court to settle and determine the entire controversy." *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999); *accord Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Generally, there is no right of immediate appeal from interlocutory orders and judgments. *Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 291, 420 S.E.2d 426, 428 (1992); *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990); *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381; *Sherrill v. Amerada Hess Corp.*, 130 N.C. App. 711, 718, 504 S.E.2d 802, 807 (1998); *accord Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 135 L. Ed. 2d 1, 10 (1996) (discussing appeal of interlocutory orders under federal rules). The purpose of this rule is "to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980); *accord Waters v. Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). As we have noted, "[t]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Veazey*, 231 N.C. at 363, 57 S.E.2d at 382.

Notwithstanding this cardinal tenet of appellate practice, immediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than

all, claims or parties and certifies there is no just reason for delay. N.C.G.S. § 1A-1, Rule 54(b) (1990); *DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998); *Oestreicher v. American Nat'l Stores*, 290 N.C. 118, 121-22, 225 S.E.2d 797, 800 (1976). When the trial court certifies its order for immediate appeal under Rule 54(b), appellate review is mandatory. *DKH Corp.*, 348 N.C. at 585, 500 S.E.2d at 668. Nonetheless, the trial court may not, by certification, render its decree immediately appealable if "[it] is not a final judgment." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E.2d 868, 871 (1983); *see Tridyn Indus. v. American Mut. Ins. Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979) ("That the trial court declared it to be a final, declaratory judgment does not make it so."). Second, immediate appeal is available from an interlocutory order or judgment which affects a "substantial right." N.C.G.S. § 1-277(a) (1996); N.C.G.S. § 7A-27(d)(1) (1995); *Bowden v. Latta*, 337 N.C. 794, 796, 448 S.E.2d 503, 505 (1994); *Oestreicher*, 290 N.C. at 124, 225 S.E.2d at 802.

In the instant case, the trial court's discovery order is interlocutory because it does not "dispose of the case, but instead leave[s] it for further action by the trial court in order to settle and determine the entire controversy." *Carriker*, 350 N.C. at 73, 511 S.E.2d at 4. Since the trial court did not certify its order under Rule 54(b), immediate review is foreclosed unless the order affects a substantial right under sections 1-277(a) and 7A-27(d)(1).

It is well settled that an interlocutory order affects a substantial right if the order "deprive[s] the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered." *Cook v. Bankers Life & Cas. Co.*, 329 N.C. 488, 491, 406 S.E.2d 848, 850 (1991); *see Waters*, 294 N.C. at 207, 240 S.E.2d at 343. "Essentially a two-part test has developed—the right itself must be substantial and the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment." *Goldston*, 326 N.C. at 726, 392 S.E.2d at 736. This Court in *Oestreicher* adopted the dictionary definition of "substantial right": " 'a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which a [person] is entitled to have preserved and protected by law: a material right.' " *Oestreicher*, 290 N.C. at 130, 225 S.E.2d at 805 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2280 (1971)). Nevertheless, "[i]t is usually necessary to resolve the question in each case by considering the particular facts of that case and the proce-

dural context in which the order from which appeal is sought was entered." *Waters*, 294 N.C. at 208, 240 S.E.2d at 343.

An order compelling discovery is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment. *Mack v. Moore*, 91 N.C. App. 478, 480, 372 S.E.2d 314, 316 (1988), *disc. rev. denied*, 323 N.C. 704, 377 S.E.2d 225 (1989); *Benfield v. Benfield*, 89 N.C. App. 415, 418, 366 S.E.2d 500, 502 (1988); *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 554, 353 S.E.2d 425, 426 (1987); *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807, *disc. rev. denied*, 318 N.C. 505, 349 S.E.2d 859 (1986).

This Court recognized one exception to the general rule prohibiting immediate review of interlocutory discovery orders in *Willis v. Duke Power Co.*, 291 N.C. 19, 229 S.E.2d 191 (1976). In *Willis* the trial court ordered the defendant to produce and permit the plaintiff to inspect, among other things, the defendant's investigation files on the accident that was the subject of the wrongful death action. *Id.* at 26, 229 S.E.2d at 194. When the defendant failed to fully comply, the trial court adjudged the defendant to be in contempt under North Carolina Rule of Civil Procedure 37(b). *Id.* at 26-27, 229 S.E.2d at 195-96. On appeal, the Court of Appeals concluded that the trial court's discovery order was not immediately appealable and dismissed the defendant's appeal. *Id.* at 27, 229 S.E.2d at 196.

Reversing the Court of Appeals, we recognized that the trial court's contempt order affected a substantial right of the defendant under sections 1-277(a) and 7A-27(d)(1) and held that

> when a civil litigant is adjudged to be in contempt for failing to comply with an earlier discovery order, the contempt proceeding is both civil and criminal in nature and the order is immediately appealable for the purpose of testing the validity both of the original discovery order and the contempt order itself where, as here, the contemptor can purge himself of the adjudication of contempt only by, in effect, complying with the discovery order of which he essentially complains.

*Id.* at 30, 229 S.E.2d at 198. The principle we recognized in *Willis* has been followed in numerous cases. *See, e.g., Wilson v. Wilson*, 124 N.C. App. 371, 374-75, 477 S.E.2d 254, 256 (1996) (litigant held in contempt); *Mack*, 91 N.C. App. at 480, 372 S.E.2d at 316 (discovery order not immediately appealable due to lack of enforcement sanctions);

*Benfield,* 89 N.C. App. at 418-19, 366 S.E.2d at 502 (same); *Walker,* 84 N.C. App. at 554-55, 353 S.E.2d at 426 (discovery order immediately appealable when enforced by sanctions under Rule 37(b)).

*Willis* and its progeny, however, do not necessarily represent the singular exception to the general rule that interlocutory discovery orders are not ordinarily appealable prior to entry of a final judgment. *See, e.g., Lockwood v. McCaskill,* 261 N.C. 754, 757, 136 S.E.2d 67, 69 (1964) (discovery order affected substantial right where patient-physician privilege asserted); *Shaw v. Williamson,* 75 N.C. App. 604, 606, 331 S.E.2d 203, 204 (discovery order affected substantial right where constitutional right against self-incrimination asserted), *disc. rev. denied,* 314 N.C. 669, 335 S.E.2d 496 (1985); *cf. In re Ford Motor Co.,* 110 F.3d 954 (3d Cir. 1997); *In re Grand Jury Proceedings,* 43 F.3d 966 (5th Cir. 1994). Rather, the *Willis* line of cases merely represents one example of how a discovery order may affect a substantial right pursuant to sections 1-277(a) and 7A-27(d)(1).

In the present case, defendants assert that the PHP documents are protected by a statutory privilege. The statute on which defendants rely pertains to doctors participating in an impaired physician program and provides:

> Any confidential patient information and other nonpublic information acquired, created, or used in good faith by the Academy or a society pursuant to this section shall remain confidential and shall not be subject to discovery or subpoena in a civil case. No person participating in good faith in the peer review or impaired physician or impaired physician assistant programs of this section shall be required in a civil case to disclose any information acquired or opinions, recommendations, or evaluations acquired or developed solely in the course of participating in any agreements pursuant to this section.

N.C.G.S. § 90-21.22(e) (1997).

We need not decide here whether the PHP documents fall within the statutory privilege set forth within section 90-21.22(e). Rather, in determining whether a substantial right is affected by the challenged order, it suffices to observe that, if the Hospital is required to disclose the very documents that it alleges are protected from disclosure by the statutory privilege, then " 'a right materially affecting those interests which a [person] is entitled to have preserved and protected by law' "—a "substantial right"—is affected. *Oestreicher,* 290 N.C. at

130, 225 S.E.2d at 805 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2280). Moreover, the substantial right asserted by defendants will be lost if the trial court's order is not reviewed before entry of a final judgment. *See Cook*, 329 N.C. at 491, 406 S.E.2d at 850; *Waters*, 294 N.C. at 207, 240 S.E.2d at 343.

In *Lockwood*, defendant Macon sought, in the trial court, an order authorizing the deposition of the plaintiff's psychiatrist concerning the plaintiff's mental and emotional health. 261 N.C. at 755-56, 136 S.E.2d at 67-68. The trial court ruled that the defendant was authorized to proceed with his deposition, and the plaintiff appealed, asserting the physician-patient privilege created by N.C.G.S. § 8-53. *Id.* at 756-57, 136 S.E.2d at 68-69. Reversing the trial court, this Court stated:

> Undoubtedly, Judge McConnell's order purports to compel Dr. Wright to testify concerning matters which otherwise would be privileged. Whether Dr. Wright's deposition is offered in evidence is immaterial. If and when Dr. Wright is required to testify concerning privileged matters at a deposition hearing, *eo instante* the statutory privilege is destroyed. This fact precludes dismissal of the appeal as fragmentary and premature.

*Id.* at 757, 136 S.E.2d at 69.

In the present case, the Court of Appeals concluded that application of *Lockwood* was "inappropriate" because "[t]he trial court reviewed the material *in camera*, found no applicable privilege, and ordered protective measures to insure the material would be restricted to the parties and their experts." *Sharpe*, 132 N.C. App. at 226, 511 S.E.2d at 37.

At the outset, we note that the record does not disclose whether the trial court conducted an *in camera* review of the PHP documents.[1] Moreover, we do not believe that the existence of protective measures renders the application of *Lockwood* inappropriate within this context. Specifically, section 90-21.22(e) provides that "[a]ny confidential patient information and other nonpublic information acquired, created, or used in good faith by the Academy or a society pursuant to this section shall remain confidential and shall not be subject to discovery or subpoena in a civil case" and that "[n]o per-

---

1. Before this Court, Dr. Worland and Greensboro Anesthesia have alleged, and plaintiff has not contested, that the trial court declined the Hospital's request to conduct an *in camera* review of the PHP documents.

son participating in good faith in the peer review or impaired physician or impaired physician assistant programs . . . shall be required in a civil case to disclose any information acquired or opinions, recommendations, or evaluations acquired or developed solely in the course of participating in any agreements pursuant to this section." N.C.G.S. § 90-21.22(e). Therefore, our decision in *Lockwood* controls for purposes of determining whether a substantial right is affected by the trial court's order.

Accordingly, when, as here, a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right under sections 1-277(a) and 7A-27(d)(1). To the extent such cases as *Kaplan v. Prolife Action League of Greensboro*, 123 N.C. App. 677, 474 S.E.2d 408 (1996), differ, they are overruled.

Because the discovery order entered by the trial court on 24 February 1998 affected a substantial right, the Court of Appeals erred in dismissing defendants' appeal.

REVERSED.