* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn, and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby VACATES the Deputy Commissioner's June 21, 2004 Order, and the March 8, 2005 Opinion and Award, including any awards and sanctions made therein, and REMANDS this matter to a Deputy Commissioner for a full evidentiary hearing on the merits, including the defendants' defenses that were improvidently stricken by the Deputy Commissioner.
 * * * * * * * * * * * RULING ON MOTION TO SUBMIT ADDITIONAL EVIDENCE
Subsequent to the Full Commission hearing in this matter, plaintiff submitted a motion to admit additional evidence, dated February 20, 2006, in the form of a U.S. Postal Service tracking confirmation, and a certified mail return receipt, showing the plaintiff had not received the SME data prior to the March 1, 2004, hearing before the Deputy Commissioner. The defendants replied to the plaintiff's motion with no objection, and clarified that the defendants had no intention of alleging that the plaintiff had such data prior to March 1, 2004. Because there is no objection to the submission of the postal confirmations and, seeing that their submission is necessitated by a misunderstanding between the parties, the Full Commission, in its discretion, hereby GRANTS the plaintiff's February 20, 2006 motion to submit additional evidence.
 * * * * * * * * * * *
Based upon all the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACTS
1. The plaintiff filed a claim for asbestosis against the defendants on July 16, 2001. A Form 61 denial was filed by the defendants on August 30, 2001. The plaintiff filed a Form 33 request for hearing on December 15, 2003, and the matter came to be heard before Deputy Commissioner Glenn on March 1, 2004.
2. Subsequent to the March 1, 2004 hearing of this claim by the Deputy Commissioner, the plaintiff filed a motion seeking to introduce a report, field notes, and other documents obtained from SME, Inc., an expert witness retained by the defendants. The plaintiff's motion also sought sanctions against the defendants for failing to produce the SME report. The defendants objected to the plaintiff's motion on the grounds that the report was protected from disclosure by the work-product doctrine and the Rules regarding discovery of facts and opinions held by expert witnesses. A hearing regarding this motion was held before Deputy Commissioner Glenn on April 21, 2004.
3. On June 21, 2004, Deputy Commissioner Glenn entered an Order granting the plaintiff's motion and accepted the entire report of SME into the record. Deputy Commissioner Glenn ruled that the defendants improperly withheld discovery from the plaintiff and that the action warranted sanctions. As sanctions, Deputy Commissioner Glenn ordered (1) that the defendants' defenses as to the plaintiff's exposure to asbestos be stricken; (2) that it be deemed admitted that the plaintiff was exposed to asbestos; and (3) that the matter proceed only on the issues of whether the plaintiff suffered any disability as a result of the exposure, and the compensation for such ailment.
4. Pursuant to his June 21, 2004 Order striking the defendants' defenses as to asbestos exposure and limiting the issues to disability and compensation, Deputy Commissioner Glenn entered an Opinion and Award on October 8, 2004, in which he awarded the plaintiff the following: $20,000 for each lung, for a total of $40,000 pursuant to N.C. Gen. Stat. § 97-31(24); $20,000 for each pleura, for a total of $40,000 pursuant to N.C. Gen. Stat. §97-31(24); and compensation for medical treatment. In addition to the awards made therein, the Deputy Commissioner sanctioned the defendants by giving a ten percent (10%) increase in all compensation due the plaintiff for the "willful" failure of the employer to comply with statutory requirements," and granted attorney fees "not to be deducted" from compensation due the plaintiff in the amount of twenty-five percent (25%) of the compensation approved.
5. The defendants filed notice of appeal from the October 8, 2004 Opinion and Award by Deputy Commissioner Glenn. It is the position of the defendants that had Deputy Commissioner Glenn not allowed the plaintiff to admit the report of the defendants' retained, non-testifying expert, and had Deputy Commissioner Glenn not stricken the defendants' defenses, the competent evidence of record would have precluded the awards made by the Deputy Commissioner.
6. The Full Commission finds that the defendants retained SME for the purpose of conducting a survey of the defendant Norandal facility, preparing an evaluation of the presence of asbestos within the plant, and providing analysis of the condition of discovered asbestos-containing materials. SME's services were retained in anticipation of litigation, specifically the claim for damages resulting from exposure to asbestos filed against defendant Norandal by the plaintiff. The defendants did not designate SME as a testifying expert witness and did not list it as an expert witness expected to testify at the hearing on the plaintiff's claims.
7. Although the defendants did not identify SME as an expert witness in the Pre-Trial Order and did not introduce that report into evidence, counsel for the defendants properly extracted from the report all discoverable factual data collected by SME and timely provided such data to the plaintiff's counsel at the hearing before the Deputy Commissioner on March 1, 2004, as agreed to by the parties.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 1 A-1, Rule 26 does not allow for discovery of opinions or reports prepared by experts who are retained in anticipation of litigation but who are not expected to testify at trial. Specifically, N.C. Gen. Stat. § 1 A-1, Rule 26(b)(4) states in pertinent part:
 Discovery of facts known and opinions held by experts otherwise discoverable under the provisions of subdivision (b)(1) . . . and acquired or developed in anticipation of litigation for trial, may be obtained only as follows . . . [a] party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial . . . and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
See N.C. Gen. Stat. § 1A-1, Rule 26(b)(4)(a)(1) (emphasis added). The language of Rule 26(b)(4) does not provide a blanket allowance for discovery of information from all experts, rather it specifically identifies the type of expert covered by the Rule. The inclusion of the phrases "expects to call as an expert witness at trial" and "expected to testify" demonstrates the Legislature's intent to narrow the scope of permissible expert discovery to those experts expected to render their opinions at trial.
2. In Mack v. Moore, 91 N.C. App. 478, 373 S.E.2d 314 (1988), the Court of Appeals held that a party was not entitled to discover the identity of the opposing party's non-testifying expert. Id. at 482. Thus, it follows that if the identity of a non-testifying expert is not discoverable, neither are his opinions.
3. In the present case, the Deputy Commissioner improvidently allowed the submission of the SME report, which was not discoverable per N.C. Gen. Stat. § 1 A-1, Rule 26. SME's services were retained in anticipation of litigation, specifically the claim for damages resulting from exposure to asbestos filed against defendant Norandal by the plaintiff. The defendants did not designate SME as a testifying expert witness and did not list it as an expert witness expected to testify at the hearing on the plaintiff's claims. The underlying discoverable factual data was timely and properly furnished to the plaintiff's counsel by the defendants' counsel. Thus, the Deputy Commissioner erred in admitting the SME report into the record. Id.
4. The Deputy Commissioner improvidently sanctioned the defendants for their withholding of non-discoverable material, and prejudiced the defendants by striking their defenses as to the plaintiff's exposure to asbestos. See N.C. Rule of Civ. Pro. 37(c)(2); and N.C. Industrial Commission Rule 802.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. The Order by Deputy Commissioner Glenn, filed on June 21, 2004, is hereby VACATED.
2. The Opinion and Award by Deputy Commissioner Glenn, filed on March 8, 2005, is hereby VACATED.
3. The non-discoverable SME report, prepared for the defendants in anticipation of litigation, shall be STRICKEN from the evidentiary record in this matter. However, the underlying data extracted from the record, as provided to the plaintiff's counsel by the defendants' counsel, shall remain in the record.
4. This matter is hereby REMANDED to Chief Deputy Commissioner Stephen T. Gheen for the assignment of the case to a Deputy Commissioner for a full evidentiary hearing on the merits, including the defendants' defenses that were improvidently stricken by the Deputy Commissioner.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/____________ PAMELA T. YOUNG COMMISSIONER