ARROWOOD, Judge.
 

 *468
 
 Appalachian State University ("defendant") appeals from the Full Commission's dismissal of its appeal on 28 November 2016. For the following reasons, we dismiss defendant's appeal.
 

 I.
 
 Background
 

 Belinda Foushee ("plaintiff"), as executor of the estate of her daughter Anneka Foushee, commenced this wrongful death action against defendant on 7 April 2016 by filing a Form T-1 Affidavit with the North Carolina Industrial Commission (the "Commission") under the North Carolina Tort Claims Act,
 
 N.C. Gen. Stat. § 143-291
 
 ,
 
 et seq
 
 . Defendant responded on 10 June 2016 by filing a motion to dismiss pursuant to Rule 12(b)(6) and (2). Defendant asserted (1) the plaintiff failed to state a claim upon which relief could be granted because the applicable ten year statute of repose expired prior to plaintiff's filing of the Form T-1; and (2) because
 
 *469
 
 the statute of repose had expired, the State had not waived sovereign immunity in this case because, under the Tort Claims Act, the State and its agencies are liable for negligence only under circumstances where a private person would be liable. Plaintiff filed a response to defendant's motion to dismiss on 23 June 2016 and on the same day a deputy commissioner entered an order denying defendant's motion.
 

 On 8 July 2012, defendant gave notice of appeal seeking the immediate review of the Full Commission. Defendant's appeal was referred to the chairman for a ruling on the right of immediate appeal. On 22 July 2016, the chairman entered an order, and then an amended order, denying defendant's request for immediate review of the deputy commissioner's
 
 *199
 
 23 June 2016 order by the Full Commission. In the amended order, the chairman explained that the deputy commissioner's order was interlocutory and although denial of a Rule 12(b)(2) motion based on sovereign immunity constitutes an adverse ruling on personal jurisdiction and is immediately appealable, in the instant case, "[d]efendant's sovereign immunity argument is actually based on [the] statute of repose, not immunity from suit." Thus, defendant had not met its burden of showing it would be deprived a substantial right.
 

 Defendant filed a motion to reconsider the chairman's order on 8 August 2016 and the chairman denied the motion by order filed 23 August 2016. Defendant then filed notice of appeal from the chairman's 22 July 2016 amended order to the Full Commission on 25 August 2016.
 

 Plaintiff filed a motion to dismiss defendant's appeal of the chairman's amended order to the Full Commission on 26 August 2016. Plaintiff argued the appeal of the chairman's amended order was interlocutory and should be dismissed. On 28 November 2016, the Full Commission filed an order dismissing defendant's appeal. The Full Commission explained that "[n]either the State's Tort Claims Act, nor the Commission's
 
 Tort Claims Rules
 
 provide for a right of immediate appeal to the Full Commission from interlocutory Orders."
 

 Defendant filed notice of appeal to this Court from the Full Commission's 28 November 2016 order on 19 December 2016.
 

 II.
 
 Discussion
 

 The sole issue on appeal is the Full Commission's dismissal of defendant's interlocutory appeal. Plaintiff moved to dismiss defendant's appeal as interlocutory. We agree that the appeal is interlocutory and dismiss defendant's appeal without reaching the merits of the underlying issues below.
 

 *470
 
 "Generally, there is no right of immediate appeal from interlocutory orders and judgments."
 
 Goldston v. Am. Motors Corp.
 
 ,
 
 326 N.C. 723
 
 , 725,
 
 392 S.E.2d 735
 
 , 736 (1990). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."
 
 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 361-62,
 
 57 S.E.2d 377
 
 , 381 (1950) (citations omitted).
 

 [I]mmediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay.... Second, immediate appeal is available from an interlocutory order or judgment which affects a substantial right.
 

 Sharpe v. Worland
 
 ,
 
 351 N.C. 159
 
 , 161-62,
 
 522 S.E.2d 577
 
 , 579 (1999) (internal citations and quotation marks omitted).
 

 Defendant argued below, and now argues on appeal, that although the Commission's orders are interlocutory, the orders affect a substantial right and concern personal jurisdiction and are therefore immediately appealable. However, the merits of the underlying orders are not on appeal to this Court. To be clear, the only order on appeal to this Court is the Full Commission's order that determined there was no right of immediate appeal from an interlocutory decision in a case before the Commission arising under the Tort Claims Act. As plaintiff asserts, this appeal is not an appeal of the merits of the deputy commissioner's denial of defendant's motion to dismiss.
 

 The Full Commission's order is clearly interlocutory as it is not a final determination of plaintiff's claims. Furthermore, defendant has not met its burden to show that the Full Commission's decision dismissing the appeal affects a substantial right. Consequently, defendant's appeal to this Court is dismissed as interlocutory.
 

 Nevertheless, we take this opportunity to note that although defendant argues in the underlying motions that the statute of repose and immunity issues are intertwined and the appeal therefore affects a substantial right and implicates personal jurisdiction, it appears the underlying issue concerns only a determination of the application of the statute of repose to plaintiff's tort claims arising under the Tort Claims Act. Defendant even
 
 *200
 
 states in its brief that it is "entitled to sovereign immunity in this claim for wrongful death
 
 because it is barred by the statute of repose
 
 ." (Emphasis added). The underlying arguments
 
 *471
 
 for the defendant do not raise an issue of sovereign immunity in the traditional sense. The only way immunity becomes an issue is if the statute of repose is applicable and has expired. Yet, if the statute of repose is applicable and has expired, the claim will be dismissed. Therefore, it is not necessary to address the issue of immunity. Thus, we ascertain no issue of sovereign immunity that would create a substantial right justifying an immediate appeal.
 

 III.
 
 Conclusion
 

 Because defendant's appeal from the Full Commission's 28 November 2016 order is interlocutory, we dismiss the appeal.
 

 DISMISSED.
 

 Judges HUNTER, Jr., and DILLON concur.