IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-699

Filed: 20 October 2020

Caldwell County, No. 18 CVS 190

JONATHAN DREW ESTES, Plaintiff,

v.

JOHN J. BATTISTON, JR., Defendant.

Appeal by defendant from order entered 6 May 2019 by Judge Robert C. Ervin in Caldwell County Superior Court. Heard in the Court of Appeals 17 March 2020.

*Marshall Hurley, PLLC, by Marshall Hurley, and W. Wallace Respess, Jr., for plaintiff-appellee.*

*Arnold & Smith, PLLC, by Matthew R. Arnold and Ashley A. Crowder, for defendant-appellant.*

BRYANT, Judge.

Because defendant's appeal of a trial court order is interlocutory and where defendant fails to establish a substantial right is detrimentally affected absent our review, we dismiss this appeal.

On 2 March 2018, plaintiff Jonathan Drew Estes filed a complaint against defendant John J. Battiston, Jr., alleging that defendant intentionally sabotaged the relationship between plaintiff and his wife and seeking recovery on the basis of alienation of affection, criminal conversation, and punitive damages. On 15 May 2018, defendant filed an answer and multiple motions. The motions included several motions to dismiss, the first of which alleged that plaintiff's claims were "facially

unconstitutional[.]" Defendant moved to have the determination of that motion, concerning the constitutionality of plaintiff's claims, referred to a three-judge panel for consideration.

On 6 May 2019, the trial court entered an order on defendant's motion to refer the matter to a three-judge panel. The trial court noted defendant's reliance on N.C. Gen. Stat. § 1-267.1 and held that the statute "does not apply to common law torts." Accordingly, the trial court denied defendant's motion to refer the matter to a three-judge panel.

From the order denying his motion to refer the matter to a three-judge panel, defendant appeals.

---

In his sole argument on appeal, defendant contends that the trial court erred in denying his motion to refer the case to a three-judge panel for consideration of the constitutionality of the claims against him. We dismiss this appeal as interlocutory.

Interlocutory Appeal

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950) (citations

omitted).

> [I]mmediate appeal of interlocutory orders and judgments
> is available in at least two instances. First, immediate
> review is available when the trial court enters a final
> judgment as to one or more, but fewer than all, claims or
> parties and certifies there is no just reason for delay. . . .
> Second, immediate appeal is available from an
> interlocutory order or judgment which affects a substantial
> right.

*Sharpe v. Worland*, 351 N.C. 159, 161–62, 522 S.E.2d 577, 579 (1999) (citations and

quotation marks omitted).

In the instant case, the trial court did not certify the order for appeal. Thus,

defendant must show a substantial right has been affected in order to proceed on his

interlocutory appeal.

> [A]n interlocutory order affects a substantial right if the
> order deprive[s] the appealing party of a substantial right
> which will be lost if the order is not reviewed before a final
> judgment is entered. Essentially a two-part test has
> developed—the right itself must be substantial and the
> deprivation of that substantial right must potentially work
> injury . . . if not corrected before appeal from final
> judgment.

*Id.* at 162, 522 S.E.2d at 579 (alterations in original) (citation and quotations marks

omitted).

Defendant acknowledges his appeal is interlocutory. In support of his

contention that a substantial right has been affected, defendant offers two

arguments: first, that a three-judge panel has exclusive jurisdiction to hear constitutional challenges; and second, that defendant has a right to avoid duplicative trials.

Regarding his first substantial right argument, defendant cites N.C. Gen. Stat. § 1-267.1, which provides that "any facial challenge to the validity of an act of the General Assembly shall be transferred . . . to the Superior Court of Wake County and shall be heard and determined by a three-judge panel of the Superior Court of Wake County[.]" N.C. Gen. Stat. § 1-267.1(a1) (2019). Notably, however, defendant's argument fails to take into account key language of that statutory provision. The statute, by its language, applies to "an act of the General Assembly[.]" *Id.* As the trial court held, plaintiff's claims did not arise under acts of the General Assembly – alienation of affection and criminal conversation are torts arising under common law. Defendant offers no cogent explanation as to why this statute, whose clear and unambiguous language applies only to legislative acts, should apply to common law torts, nor does he offer any relevant citation of statutory or case law which might support such a position. Therefore, defendant has not shown that exclusive jurisdiction is vested in a three-judge panel.

With regard to his second substantial right argument, defendant asserts that because a three-judge panel has exclusive jurisdiction, failing to grant his motion would result in duplicative litigation. As we have held, however, the statute upon

which defendant relies does not vest exclusive jurisdiction in a three-judge panel, where, as here, it concerns acts of the legislature, not common law torts. Accordingly, we hold that defendant has not shown a risk of duplicative litigation.

Because defendant has failed to demonstrate that the deprivation of a substantial right would potentially work injury to him if not corrected before an appeal from a final judgment, we dismiss his appeal as interlocutory. *See Sharpe*, 351 N.C. at 162, 522 S.E.2d at 579.

<u>Cursory Review</u>

In the event this panel did reach the merits of defendant's argument, we would likely affirm the trial court.

"Alleged violation of a statutory mandate presents a question of law, which we review *de novo* on appeal." *Dion v. Batten*, 248 N.C. App. 476, 488, 790 S.E.2d 844, 852 (2016).

Defendant contends all common law torts were brought under the purview of the General Assembly via N.C. Gen. Stat. § 4-1. This statute provides that "[a]ll such parts of the common law as were heretofore in force and use within this State, . . . are hereby declared to be in full force within this State." N.C. Gen. Stat. § 4-1 (2019). Defendant contends the trial court failed to acknowledge that this renders common law torts subject to N.C. Gen. Stat. § 1-267.1.

While N.C. Gen. Stat. § 4-1 codified common law torts, those torts themselves, insofar as they were not subsequently altered or updated by legislative action, were not the result of legislative action such that N.C. Gen. Stat. § 1-267.1 would apply. Nor does such a ruling deprive defendant of a remedy: a party may nonetheless challenge the facial constitutionality of a common law tort before a trial court via a Rule 12(b)(6) motion. *See Malecek v. Williams*, 255 N.C. App. 300, 804 S.E.2d 592 (2017) (reversing an order which dismissed claims for torts of alienation of affection and criminal conversation as facially unconstitutional).

Finally, even assuming *arguendo* that the trial court erred in denying the motion on the basis that N.C. Gen. Stat. § 1-267.1 did not apply, such error is harmless. Defendant's motion alleged no specific basis, only the facial unconstitutionality of the torts. And as this Court held in *Malacek*, those torts are not facially unconstitutional. A three-judge panel would have been bound by the precedent of this Court and ruled accordingly. As a matter of law, then, defendant cannot show that he was in any way prejudiced by the trial court's denial.

For these reasons, had we reached the merits of defendant's appeal, we would likely affirm the trial court's denial of defendant's motion to refer the constitutionality of the torts at issue to a three-judge panel. However, having determined defendant's appeal to be interlocutory and not affecting a substantial right, we dismiss this appeal.

DISMISSED.

Judge INMAN and ARROWOOD concur.