IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-699

 Filed: 20 October 2020

Caldwell County, No. 18 CVS 190

JONATHAN DREW ESTES, Plaintiff,

 v.

JOHN J. BATTISTON, JR., Defendant.

 Appeal by defendant from order entered 6 May 2019 by Judge Robert C. Ervin

in Caldwell County Superior Court. Heard in the Court of Appeals 17 March 2020.

 Marshall Hurley, PLLC, by Marshall Hurley, and W. Wallace Respess, Jr., for
 plaintiff-appellee.

 Arnold & Smith, PLLC, by Matthew R. Arnold and Ashley A. Crowder, for
 defendant-appellant.

 BRYANT, Judge.

 Because defendant’s appeal of a trial court order is interlocutory and where

defendant fails to establish a substantial right is detrimentally affected absent our

review, we dismiss this appeal.

 On 2 March 2018, plaintiff Jonathan Drew Estes filed a complaint against

defendant John J. Battiston, Jr., alleging that defendant intentionally sabotaged the

relationship between plaintiff and his wife and seeking recovery on the basis of

alienation of affection, criminal conversation, and punitive damages. On 15 May

2018, defendant filed an answer and multiple motions. The motions included several

motions to dismiss, the first of which alleged that plaintiff’s claims were “facially
 ESTES V. BATTISTON

 Opinion of the Court

unconstitutional[.]” Defendant moved to have the determination of that motion,

concerning the constitutionality of plaintiff’s claims, referred to a three-judge panel

for consideration.

 On 6 May 2019, the trial court entered an order on defendant’s motion to refer

the matter to a three-judge panel. The trial court noted defendant’s reliance on N.C.

Gen. Stat. § 1-267.1 and held that the statute “does not apply to common law torts.”

Accordingly, the trial court denied defendant’s motion to refer the matter to a three-

judge panel.

 From the order denying his motion to refer the matter to a three-judge panel,

defendant appeals.

 ___________________________________________

 In his sole argument on appeal, defendant contends that the trial court erred

in denying his motion to refer the case to a three-judge panel for consideration of the

constitutionality of the claims against him. We dismiss this appeal as interlocutory.

 Interlocutory Appeal

 A final judgment is one which disposes of the cause as to
 all the parties, leaving nothing to be judicially determined
 between them in the trial court. An interlocutory order is
 one made during the pendency of an action, which does not
 dispose of the case, but leaves it for further action by the
 trial court in order to settle and determine the entire
 controversy.

 -2-
 ESTES V. BATTISTON

 Opinion of the Court

Veazey v. Durham, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950) (citations

omitted).

 [I]mmediate appeal of interlocutory orders and judgments
 is available in at least two instances. First, immediate
 review is available when the trial court enters a final
 judgment as to one or more, but fewer than all, claims or
 parties and certifies there is no just reason for delay. . . .
 Second, immediate appeal is available from an
 interlocutory order or judgment which affects a substantial
 right.

Sharpe v. Worland, 351 N.C. 159, 161–62, 522 S.E.2d 577, 579 (1999) (citations and

quotation marks omitted).

 In the instant case, the trial court did not certify the order for appeal. Thus,

defendant must show a substantial right has been affected in order to proceed on his

interlocutory appeal.

 [A]n interlocutory order affects a substantial right if the
 order deprive[s] the appealing party of a substantial right
 which will be lost if the order is not reviewed before a final
 judgment is entered. Essentially a two-part test has
 developed—the right itself must be substantial and the
 deprivation of that substantial right must potentially work
 injury . . . if not corrected before appeal from final
 judgment.

Id. at 162, 522 S.E.2d at 579 (alterations in original) (citation and quotations marks

omitted).

 Defendant acknowledges his appeal is interlocutory. In support of his

contention that a substantial right has been affected, defendant offers two

 -3-
 ESTES V. BATTISTON

 Opinion of the Court

arguments: first, that a three-judge panel has exclusive jurisdiction to hear

constitutional challenges; and second, that defendant has a right to avoid duplicative

trials.

 Regarding his first substantial right argument, defendant cites N.C. Gen. Stat.

§ 1-267.1, which provides that “any facial challenge to the validity of an act of the

General Assembly shall be transferred . . . to the Superior Court of Wake County and

shall be heard and determined by a three-judge panel of the Superior Court of Wake

County[.]” N.C. Gen. Stat. § 1-267.1(a1) (2019). Notably, however, defendant’s

argument fails to take into account key language of that statutory provision. The

statute, by its language, applies to “an act of the General Assembly[.]” Id. As the

trial court held, plaintiff’s claims did not arise under acts of the General Assembly –

alienation of affection and criminal conversation are torts arising under common law.

Defendant offers no cogent explanation as to why this statute, whose clear and

unambiguous language applies only to legislative acts, should apply to common law

torts, nor does he offer any relevant citation of statutory or case law which might

support such a position. Therefore, defendant has not shown that exclusive

jurisdiction is vested in a three-judge panel.

 With regard to his second substantial right argument, defendant asserts that

because a three-judge panel has exclusive jurisdiction, failing to grant his motion

would result in duplicative litigation. As we have held, however, the statute upon

 -4-
 ESTES V. BATTISTON

 Opinion of the Court

which defendant relies does not vest exclusive jurisdiction in a three-judge panel,

where, as here, it concerns acts of the legislature, not common law torts. Accordingly,

we hold that defendant has not shown a risk of duplicative litigation.

 Because defendant has failed to demonstrate that the deprivation of a

substantial right would potentially work injury to him if not corrected before an

appeal from a final judgment, we dismiss his appeal as interlocutory. See Sharpe,

351 N.C. at 162, 522 S.E.2d at 579.

 Cursory Review

 In the event this panel did reach the merits of defendant’s argument, we would

likely affirm the trial court.

 “Alleged violation of a statutory mandate presents a question of law, which we

review de novo on appeal.” Dion v. Batten, 248 N.C. App. 476, 488, 790 S.E.2d 844,

852 (2016).

 Defendant contends all common law torts were brought under the purview of

the General Assembly via N.C. Gen. Stat. § 4-1. This statute provides that “[a]ll such

parts of the common law as were heretofore in force and use within this State, . . . are

hereby declared to be in full force within this State.” N.C. Gen. Stat. § 4-1 (2019).

Defendant contends the trial court failed to acknowledge that this renders common

law torts subject to N.C. Gen. Stat. § 1-267.1.

 -5-
 ESTES V. BATTISTON

 Opinion of the Court

 While N.C. Gen. Stat. § 4-1 codified common law torts, those torts themselves,

insofar as they were not subsequently altered or updated by legislative action, were

not the result of legislative action such that N.C. Gen. Stat. § 1-267.1 would apply.

Nor does such a ruling deprive defendant of a remedy: a party may nonetheless

challenge the facial constitutionality of a common law tort before a trial court via a

Rule 12(b)(6) motion. See Malecek v. Williams, 255 N.C. App. 300, 804 S.E.2d 592

(2017) (reversing an order which dismissed claims for torts of alienation of affection

and criminal conversation as facially unconstitutional).

 Finally, even assuming arguendo that the trial court erred in denying the

motion on the basis that N.C. Gen. Stat. § 1-267.1 did not apply, such error is

harmless. Defendant’s motion alleged no specific basis, only the facial

unconstitutionality of the torts. And as this Court held in Malacek, those torts are

not facially unconstitutional. A three-judge panel would have been bound by the

precedent of this Court and ruled accordingly. As a matter of law, then, defendant

cannot show that he was in any way prejudiced by the trial court’s denial.

 For these reasons, had we reached the merits of defendant’s appeal, we would

likely affirm the trial court’s denial of defendant’s motion to refer the

constitutionality of the torts at issue to a three-judge panel. However, having

determined defendant’s appeal to be interlocutory and not affecting a substantial

right, we dismiss this appeal.

 -6-
 ESTES V. BATTISTON

 Opinion of the Court

DISMISSED.

Judge INMAN and ARROWOOD concur.

 -7-